SMITH v. PALFREY ET AL.

(Feb. 13, 1928.  Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana  Digest — Automobiles — Par.
4 d.**

Where the violation of the Traffic Ordinance is the cause of a collision, the party violating the ordinance must pay for the damage when the other party is free from negligence.

Appeal from Civil District Court, Hon. M. M. Boatner, Judge.

Action by Lawrence Smith against Harold Palfrey et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Daly and Hamlin, of New Orleans, attorneys for plaintiff, appellee.

Lemle, Moreno & Lemle, New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.  This is a suit for damages resulting from a collision of automobiles.

The plaintiff alleged that in June, 1923, at about 11 o'clock a. m., he was driving his automobile upon the upper roadway of Carrollton avenue in the direction of St. Charles avenue; that when he approached the intersection of Belfast street he drove towards the curb of the neutral ground in an attempt to pass an automobile operated by the defendants, and blew his horn as a signal that he was to pass defendants' automobile; that as plaintiff was in the act of passing defendants' automobile and had reached the middle thereof, and both automobiles were near the intersection of Belfast street, defendants' automobile, without any warning, swerved to the left, in an attempt to cross the neutral ground of Carrollton avenue at said Belfast street in front of plaintiff's automobile with the result that the left side of defendants' automobile struck the right front of plaintiff's automobile and threw it upon the neutral ground, causing a damage of $307.50 for which he claims judgment against both defendants.

The defendants denied every allegation of plaintiff's petition.  Further answering they averred that they were proceeding at a slow rate of speed on the uptown side of Carrollton avenue in the direction of the river; that when they neared Belfast street they put out their hand to signal their intention of crossing the neutral ground of Carrollton avenue; that the automobile owned by the plaintiff was in the rear of defendants' car and was running at a high rate of speed; that notwithstanding defendants' signal plaintiff struck defendants' car violently as said defendants were attempting to turn into Belfast street; that the collision was the result of plaintiff's negligence in failing to see defendants put out their hand, or in failing to stop his car in time to avoid the collision.

There was judgment for plaintiff against both defendants, the owner Meyer and the chauffeur Palfrey, and both have appealed.

The reasons for judgment of the learned trial judge are as follows:

"Both the automobiles involved in the accident which gave rise to this suit were proceeding along the uptown roadway of Carrollton avenue in the direction of the river.  The speed of the plaintiff's automobile was about 20 miles an hour, that of the defendants somewhat less.  Near Belfast street, the driver of the plaintiff's automobile, which was in the rear, desiring to pass the defendants, blew his horn, and repeated the signal.  The defendants' machine was then running about the middle of the roadway.  On reaching the intersection of Belfast, or when a few feet from

it, the defendants' machine turned to the left to cross the intersection. At that moment the plaintiff's machine was close behind, too close to avoid a collision, it struck the defendants' machine on the left side about where the rear fender joins the running board, and being put out of the control by the shock it ran into a pole in the neutral ground on the further side of the crossing.

"This suit is for the resulting damage to the plaintiff's car. When this case was first heard in October, 1924, Palfrey, the driver of the defendants' car, testified that he did not hear the horn of the other car; that as he began to turn to cross to the lower side of the avenue he put out his hand to give warning of his intention to do so, and almost immediately his car was struck; and that when he began to turn he was about ten feet from the neutral ground, which would put him near the middle of the roadway. The general Traffic Ordinance No. 6173 C. C. S., Art. 1, Sec. 4, S. (c), at page 5 of the pamphlet filed in evidence, provides as follows:

"'(c) A vehicle, when on a street divided by a neutral ground, desiring to turn to the left across the neutral ground, shall turn the corner as near the left hand curb as possible. A vehicle intending to turn across the neutral ground should move to the left hand side of the street when about fifty feet from the corner and hug the curb until the intersection is reached, then turn as in the illustration.'

"On his own statement, Palfrey did not signal his intention to turn in time to warn the plaintiff's driver of it, and he did not obey the ordinance. It is clear that if he had handled his car as the ordinance requires the accident would not have happened. At the final hearing on March 18th, 1925, Palfrey undertook to state the facts differently and to make a case of compliance with the ordinance; but his testimony was confused and unsatisfactory, and I must find the facts to be as he first stated them and substantially as they were stated by the plaintiff's witnesses Richard Smith and Toups. Palfrey was using the car in the course of his employment by Meyers, its owner, the other defendant. Both are therefore liable. The plaintiff's damages are proved. Judgment for plaintiff as prayed. Defendant's, Meyers, reconventional demand rejected."

The trial judge decided the case on the facts and on the Traffic Ordinance. His application was correct. Besides the city ordinance, the plaintiff had a right to presume that defendant would proceed in a straight line along Carrollton avenue and not turn to the left to cross the neutral ground.

In keeping with the Judge's opinion, we have repeatedly decided that where the violation of the Traffic Ordinance is the cause of a collision, the party violating the ordinance must pay for the damage when the other party is free from negligence. Tessier Digest, p. 82, Ct. App. Nos. 8397, 8820, 8905, 9205; Schick vs. Jenevin, 145 La. 334, 82 South. 360; Manceaux vs. Hunter Canal Co., 148 La. 97, 86 South. 665.

Judgment affirmed.