JANVIER, Judge.
The automobile accident from which this suit results occurred shortly after noon on March 30, 1949, at the corner of North Broad and Lafitte Streets, in New Orleans. A large motor truck owned by the defendant, Clarence Henderson, and operated by the defendant, Mahlon R. Norton, was on its way in a down river direction on North Broad Street, and it was Norton’s intention to turn to his right into Lafitte Street. The other car was a Pontiac two-door sedan, owned by the plaintiff partnership composed of Charles W. Maris and Dan B. Cohen. It was also on North Broad Street, going in the same direction as was the truck and was being operated by Edmond de la IToussaye.
It is the contention of the plaintiff partnership that the truck was in the left lane of North Broad Street and that the Pontiac was slightly to the rear of the truck and in the right-hand lane, and that just as the truck reached the corner of Lafitte Street it turned suddenly to its right, with the result that it swerved in front of the Pontiac, which was so close to it that the Pontiac could not be stopped in time to avoid the collision which ensued.
It is the contention of the defendants that the truck was in its proper lane, about eight feet from the right-hand curb, and that the Pontiac was following it when suddenly its driver attempted to pass the truck on its right-hand side and to squeeze through between the truck and the right-hand curb. Defendants also contend that the driver of the truck gave the proper hand signal indicating that he intended to turn to his right.
Though plaintiff partnership sued both the owner of the truck and the operator, it was shown that the truck had been loaned by Henderson, its owner, to Norton who was operating it in a matter with which Henderson was not concerned. Consequently, it was conceded that the suit as against Henderson should be dismissed.
*29 Plaintiff alleges that the cost of repairing its sedan was $165.15 and judgment for that amount is prayed for.
From a judgment dismissing its suit plaintiff has appealed.
Edmond de la Houssaye, the driver of the Pontiac, says that if the driver of the truck gave a signal of his intention to turn to the right, he, de la Houssaye, could not see the signal as he was in the right-hand lane and entirely to the rear of the truck.
If the driver of the Pontiac, when he attempted to make the right-hand turn, was in what could be properly termed the left-.hand lane, he was in violation of the provisions of the traffic ordinance of the City of New Orleans, No. 13,702 C.C.S., for Article V, section 11(a) provides: “A vehicle shall normally be driven in the lane nearest the right hand edge or curb of the highway when said lane is available for travel except when overtaking another vehicle or in preparation for a left turn or as permitted in sub-paragraph (d) of Paragraph 10.”
Furthermore, if the driver of the truck attempted to turn without giving a hand signal and without making sure it was reasonably safe to do so, then he was in violation of Article V, section 11(b) of that ordinance for it is therein provided that such a maneuver shall not be made “until the operator has first ascertained that such movement can be made with safety”, and in Article VI, section 1(a) of the same ordinance it is provided that in making such a turn, a visible signal shall be given to vehicles in the rear.
On the other hand, if de la Houssaye, the operator of plaintiff’s car, attempted to pass on the right and particularly if he attempted to do so at a street intersection, then he was in violation of the provisions of the same ordinance, for in Article V, section 12, paragraphs (A) and (E) thereof it is provided that an overtaking vehicle shall give a signal with its horn and shall pass to the left and “shall not pass at an intersection any other vehicle traveling in the same direction.”
We are convinced that the truck was as far to its right as was practicable. The evidence convinces us that it was not more than eight feet from the right-hand curb. It was a six-wheel truck, that is, it was what is commonly known as a tractor with a two-wheel trailer, and it could not make a right-hand turn into an intersecting street from a position nearer than six or eight feet away from the right-hand curb.
The evidence is conflicting as to the speed of the two vehicles and as to the location of the Pontiac just before the accident occurred. Though de la Houssaye says that he was to the right, there is evidence to the effect that he was following the truck and attempted to pass it to its right.
This is obviously one of those cases in which it would not be proper to reverse a finding of the trial court. The testimony is conflicting. If that on behalf of plaintiff sets forth the true facts, plaintiff should recover; on the other hand, if that given on behalf of defendants is to be believed, then there should be no recovery. Obviously, the record does not indicate manifest error.
The view which we take of the matter makes it unnecessary that we pass on the question of whether or not the defendants may rely upon the contributory negligence of the operator of plaintiff’s car. Counsel for plaintiff contend that contributory negligence was not pleaded and they cite many cases in which it was held that contributory negligence cannot be relied on as a defense unless it is specially pleaded.
Our view of the matter makes it unnecessary that we pass on this particular point for the reason that we think that if the testimony given on behalf of defendants presents the true situation, the true cause of the accident was the negligence of the driver of plaintiff’s car without regard to the question of whether the operator of the defendants’ car was at fault.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.