LOTTINGER, Judge.
This is an automobile accident suit in which Mrs. Charles J. Hutchinson sues individually and as natural tutrix of her minor son, David Don Hutchinson, and for the use and benefit of the Indiana Lumbermen’s Mutual Insurance Company, accident insurer of the automobile driven by her son at the time of the accident. Joined as defendants are the Gulf States Utilities Company and its insurer, the Great American Indemnity Company. It is alleged in the petition that the accident occurred on what is known as Nicholson drive in the Parish of East Baton Rouge at about 11:45 A. M. on June 10, 1949, and that the proximate cause of the collision was the negligence of one Henry Bowlin, employee of Gulf States Utilities Company, in making a sudden U-turn with a truck and trailer from the northbound lane of Nicholson into the southbound lane directly into the path of the Hutchinson automobile. The petition concludes with a prayer for the sum of $190 for Mrs. Charles J. Hutchinson individually, $2500 for her minor son for his personal injuries and $541.52 for the use and benefit of the Indiana Lumbermen’s Mutual Insurance Company.
The defendants filed a joint answer in which they denied that the employee, Bow-lin, was in any way negligent, averring that the accident was due solely to Hutchinson’s driving at an excessive speed, and in the alternative, that he was contribu-torily negligent and in the further alternative that he had the last clear chance of avoiding the accident. The trial judge found Hutchinson guilty of contributory negligence and the case is now before us on an appeal by the plaintiff from the judgment dismissing the suit.
The evidence discloses that Nicholson drive is a four lane highway running generally north and south, the northbound and southbound traffic lanes being separated by a rather wide neutral ground in which are found at appropriate distances “breaks” or “gaps” through which vehicles may pass in order to change their direction of travel. Previous to the collision the Gulf States Utilities Company’s employee, Bow-lin, was driving the latter’s truck and trailer, accompanied by one Kenneth Gordon,in a northerly direction in the east double lane of Nicholson drive while young Hutchinson was driving a Ford automobile in a southerly direction in the west double lane of traffic. Upon reaching one of the breaks in the neutral ground, Bow-lin turned left or west and after entering the west double lane turned south. The collision occurred as the Ford automobile ran into the rear end of the trailer. The exact place of the collision was fixed by Police Officer Altazin as being in the exact center of the southbound double lane. This is apparently correct as Hutchinson himself testified that “I hit him, I would say, two or three inches to the left of the black line”. Bowlin testified that he had measured the distance from the southern edge of the break and that the point of collision was eighteen feet south, and also that the Ford automobile could have passed on the east side of his truck and trailer.
The evidence discloses that there are bushes and shrubs on the neutral ground of Nicholson drive, but the witnesses were *119 in violent discord as to their height, location or effect upon visibility insofar as being able to see from one traffic lane to the other is concerned. There is also much dispute as to the speed of the Ford automobile, the plaintiff contending that it was proceeding at not over 30 miles per hour and the defendants contending that it was being driven at about 40 or 45 miles per hour. It appears clear, however, that the truck and trailer were proceeding at 5 or 10 miles per hour, the truck having been shifted to second gear in order to negotiate the turn.
After a careful review of all the testimony, we have arrived at the conclusion, as did the trial judge, that young Hutchinson’s own testimony shows him to have been contributorily negligent. A discussion of the effect of the shrubbery on his visibility is unnecessary as he said that he saw the truck when its front wheels were about one foot past the curb in his lane. He stated further that at the time he was approximately one hundred or one hundred and fifty feet away. When asked what he did when he saw the truck, he stated: “I had been along there before and people pulled out like that, and I pulled out to the right lane to go around him and he kept coming and I was right on him and tried to swerve back.” He stated further that he did not apply his brakes when he first saw the truck, and that he was only 30 feet away when he did apply them. Counsel for plaintiff argue that Hutchinson thought the truck would stop. His testimony, however, indicates quite the reverse for when asked on direct examination the question of “Was there anything about the movements of this truck that indicated that it was not going to stop?”, he replied, “Well, he kept coming, never did slow down”.
The above quoted testimony clearly shows contributory negligence on the part of young Hutchinson. It is significant that he never blew his horn or attempted to warn the truck of his presence. Nor when he first saw the truck, did he make any attempt to slow down or bring his vehicle under control but was content to attempt to pass the truck on the right. It was only when he saw that the truck was going to continue into the right lane, that he applied his brakes. According to all of the witnesses, it was misting at the time and the application of his brakes when only 30 feet away was not enough to prevent him from skidding into the rear of the trailer.
Counsel for plaintiffs cite the case of Alengi v. Hartford Accident and Indemnity Co., La.App., 167 So. 130. A reading of that case, however, shows that while the court found the defendant negligent' in making a U-turn, that it found that the plaintiff was not guilty of contributory negligence as he was too close to the defendant’s car at the commencement of the turn and could not have avoided the' accident. The only question as to contributory negligence presented in Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264, also cited by counsel for plaintiff, was the speed of the plaintiff’s car. The court found that while the plaintiff was driving in excess of the speed limit that his speed was not a contributing cause of the accident.
As stated previously, counsel for plaintiff contend that Hutchinson thought the truck would stop and they cite several cases dealing with the right of a motorist proceeding on a favored street to assume that approaching motorists will respect his right of way. These authorities are not pertinent here, however, for as the above quoted excerpts from Hutchinson’s testimony show, the truck gave no indication that it would stop. Indeed, it was moving when he first saw it and he watched it continue to move into the right lane of traffic. Under these circumstances he must be held guilty of contributory negligence which bars the right of plaintiff to recover.
For the reasons assigned, the judgment appealed from is affirmed
Judgment affirmed.