AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for personal injuries sustained in a motor vehicle collision of April 2, 1957. From an adverse judgment plaintiff appealed.
The appeal presents only factual issues, which were resolved by the trial court in defendant’s favor.
The accident occurred near the intersection of Southern Avenue and Wilkinson Street in the City of Shreveport. Southern Avenue is 36 feet wide from curb to curb, with on-street parking on both sides, and it is, therefore, only a two-lane street, one lane for traffic in each direction. Wilkinson Street, intersecting Southern Avenue at right angles, is 35 feet wide. Power, line poles are spaced along the west curb of Southern Avenue and the south curb of Wilkinson Street. One pole is located at the curb at the southwest corner of the intersection, a second 47 feet south thereof, and a third 100 feet further south along the curb line of Southern Avenue. South of this intersection and facing east on Wilkinson Street is a small shopping center. In the corner of the intersection is located a drug store, which is set back from the street, allowing only, however, a partial off-street parking, approximately one-half of the cars so parking extending into the street. For the remaining 100 feet, off-street parking is provided. Traffic at the intersection is controlled by an automatic traffic signal light.
The occurrence of the accident may be briefly detailed. The vehicles involved were plaintiff’s Ford pick-up truck and defendant’s Buick automobile. Both were traveling south on Southern Avenue. The Buick stopped on a red signal to the right of the center street line with one or more cars behind. Another car approached the intersection to the Buick’s right, which, on a change of signals, turned to the right on Wilkinson Street. The Buick proceeded straight ahead. The record does not clearly establish the precise moment of the ar *827 rival of plaintiff’s truck at the intersection, or its position, but it can only be concluded it came behind the car which turned into Wilkinson Street. After the Buick proceeded through the intersection, defendant, by means of blinker lights, gave a signal of his intention to make a right turn to a beauty parlor located at or near the south end of the aforesaid shopping center, which was about ISO feet from the intersection. Upon giving this signal, the Buick took a position more nearly in the center of the west side of the street. Continuing forward to the right of the Buick, plaintiff’s truck struck the rear right fender of defendant’s car, sideswiping and scraping its right side forward as far as the door, and then, veering to the right, plunged into the second of the power line poles, wrecking the truck and causing the injuries for which damages are sought.
Negligence is charged to defendant in not maintaining a proper lookout, in not keeping his car under control and in attempting a right turn from an inside traffic lane. Counter charges of negligence were made against plaintiff, as specified in the first two of the aforesaid particulars, and, additionally, in attempting to pass defendant’s car without giving any signal of his intention to do so, and in attempting to pass defendant’s automobile on the right in violation of both State statutes and City ordinances. Under the same specifications plaintiff was charged, in the alternative, with contributory negligence.
The defendant testified that it was his intention to stop at the beauty parlor for his wife; that, after crossing Wilkinson Street, he put his blinkers on, indicating a turn to the right, but, simultaneously therewith, he felt the impact of the Ford pickup truck striking his right rear fender. Whereupon, he saw the truck strike the utility pole to his right. Prior to that moment he had not seen the truck. Defendant’s speed was estimated at 10 to 15 miles per hour, and since he had, after crossing the intersection, traveled only 47 feet, it is reasonable to conclude that his speed was very moderate. The physical facts, the dent in the fender, the scraping of the car forward and the striking of the truck against the utility pole, corroborate defendant’s testimony .that the truck ran into his Buick and not that the Buick struck the truck.
A witness, Ralph P. Douglas, was produced by plaintiff. This witness was in the first automobile to the rear of defendant’s Buick. The substance of his testimony is that he did not observe plaintiff’s pick-up truck while his own vehicle and the Buick were awaiting a change of signals at the intersection. He said, however, that he observed the Buick turning to the right into the shopping center, whereupon, the pick-up truck struck the Buick. His testimony, however, as to the defendant’s turning is rather fantastic in that, he says, defendant “sort of made an indication to turn left.” The “indication” specified was that his front wheels were cut slightly that way. Since the witness was trailing the pick-up truck, his means of observation were necessarily obscured and his vision obstructed.
Clyde G. Hill was produced as a witness by the defendant and, although he did not witness the accident at the moment it occurred, he was in an automobile to the rear of the Douglas vehicle and observed plaintiff’s truck traveling at a comparatively rapid rate of speed, indicating to him that the truck would or was attempting to pass defendant’s Buick to the right. The plaintiff’s testimony is that the Buick’s right front fender and bumper hit the truck’s bumper or left front wheel; that he gave no signal of any intention to pass, and that the Buick struck his truck, knocking off his left front fender. Johnnie Ray Berry, who was a passenger in plaintiff’s truck, never observed the Buick until the moment of the collision and, consequently, did not see it turning to its right. He says that plaintiff did not apply his brakes, giving as a reason therefor that plaintiff did not have time. His testimony is that they were traveling *828 20 or 25 or 30 miles per hour and that the pole was hit a solid lick.
Considering the whole of the record, including the physical facts, the photographs taken of the scene of the accident and of defendant’s automobile, and the testimony of the witnesses, no reasonable conclusion can be reached other than plaintiff was traveling at a speed greatly in excess of that attained by defendant’s car; that, in all probability, plaintiff’s truck reached the intersection while the Buick was negotiating the intersection and that, as a consequence, the light being favorable to the truck, the truck did not reduce its speed but proceeded through the intersection and, while attempting to pass defendant’s Buick to its right in a single traffic lane, struck the forward car, precipitating the accident.
We deem it unnecessary to consider plaintiff’s charge of negligence. Plaintiff, by his own negligence, is precluded from recovery. The evidence leaves no room for doubt that plaintiff failed to keep his truck under control or to maintain a proper lookout. LRS-R.S. 32:234, subd. A provides:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the' speed of such vehicle and the traffic upon and' condition of the highway.”
Since plaintiff was neither keeping and maintaining a proper lookout nor keeping his automobile under control, it is evident he was not keeping a safe distance from the lead car SO' as to be able to meet the usual and ordinary movements of the forward car. Pinchera v. Employers Casualty Co., La.App., 73 So.2d 623, and the authorities cited therein.
See also Max Barnett Furniture Co., Inc. v. Barrosse, La.App., 70 So.2d 886; Benenate v. Brooks, La.App., 95 So.2d 757.
The statute, LSA-R.S. 32:233, subd. A provides:
“The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.”
Defendant’s charge of negligence that plaintiff violated the aforesaid statute in attempting to pass to defendant’s right is meritorious. That plaintiff’s vehicle collided with the rear of defendant’s automobile and was then driven into the. utility pole, and was not shoved into it, is clearly established by the record. The evidence is convincing that plaintiff, after proceeding through the intersection at a greater rate of speed than that of the Buick, was attempting to pass the forward automobile on its right-hand side at the time of the collision ; that the space through which he was attempting to pass was insufficient for the purpose and that he was merely attempting to squeeze through. This, in our opinion, constitutes the grossest kind of negligence, which, if not the sole proximate cause of the accident, is, at least, a contributing cause, barring plaintiff from recovery. Manceaux v. Hunter Canal Co., 148 La. 93, 86 So. 665; Kimbro v. Holladay, La.App., 154 So. 369; Saucier v. Lanier Auto Co., La.App., 183 So. 53; Buwe v. Daste, La.App., 43 So.2d 173; Crescent Cigarette Service v. Norton, La.App., 55 So.2d 28; Hutchinson v. Gulf States Utilities Co., La.App., 60 So.2d 117; Marmol v. Wright, La.App., 62 So.2d 528; Myers v. Traders & General Insurance Co., La.App., 81 So.2d 130.
Plaintiff contends, however, defendant had the last clear chance to avoid the accident and failed to do’ it, and that, as a consequence thereof, he should recover, notwithstanding he may have been negligent himself. This contention is predicated upon defendant’s failure to look into his rear view mirror or to glance to the right, whereupon it is argued, had he done so, he would have seen plaintiff’s truck and could have then avoided the accident. And, it is argued that defendant chose to ignore the' potential danger to traffic in the outside *829 lane, and swung to his right without even looking.
This is based upon an assumption there were two traffic lanes for traffic proceeding in a southerly direction on Southern Avenue and that defendant’s Buick was in the inner lane. The evidence is to the contrary. There was only one lane for southbound traffic, which was occupied by defendant’s car. The space was insufficient for a passing movement. Neither was it shown that had defendant made the observation contended he would have had the opportunity of maneuvering his automobile to a place of safety.
There is no merit in this contention. Moreover, plaintiff was under a legal duty to pass defendant’s automobile on its left. Without notice or warning, defendant could assume plaintiff would not attempt to pass to the right. The doctrine of last clear chance is clearly without application.
We find no manifest error in the judgment appealed and, accordingly, it will be and it is hereby affirmed at appellant’s cost.
Affirmed.