81 So.2d 130 (1955)
Victor E. MYERS, Plaintiff-Appellant,
v.
TRADERS & GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 8361.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1955.
*131 Russell E. Gahagan, Natchitoches, for appellant.
R. A. Fraser, Jr., Many, for appellee.
AYRES, Judge.
In this action ex delicto, plaintiff seeks the recovery of damages to his 1953 model Ford pick-up truck, which was involved in an accident on December 23, 1954, on the Campti-Creston Highway with a truck of Taylor's Cleaners of Winnfield, Louisiana, the insured of the defendant.
From a judgment sustaining an exception of no cause or right of action, plaintiff appealed. As a basis for this exception, the defendant invokes the well established principle in our jurisprudence that, where the plaintiff alleges facts affirmatively showing that he was guilty of contributory negligence, the defendant may raise the issue by an exception of no cause or right of action. Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238; Odum v. Newstadt's Shoe Stores, La.App., 194 So. 81; Arata v. Orleans Capitol Stores, Inc., 219 La. 1045, 55 So.2d 239. The ruling of the court below was predicated on the allegations contained in Articles 5, 6, 7, 8 and 9 of plaintiff's petition, which are as follows:
"5.
"That as the laundry truck approached the home of Mr. Feazel which is situated on the left side of the road in the direction your petitioner and the laundry truck were traveling, the laundry truck (driver) pulled it over to its left side of the highway as if to park in front of the home of Mr. Feazel.
"6.
"That the driver of the laundry truck gave no indication of his intention to do anything other than to pull off the road on his left and park in front of the Feazel home.
"7.
"That your petitioner proceeded along the road at a normal and reasonable rate of speed and on his right side of the highway.
"8.
"That after your petitioner had reached a point very close to the laundry truck the driver of the laundry truck pulled from the left side of the road where your petitioner thought he was going to park, across the highway to his right and completely blocked your petitioner's path of travel.
"9.
"That as a result of the laundry truck pulling immediately in front of the lane of travel of your petitioner's pickup truck he was unable to avoid striking the laundry truck and a collision ensued."
It thus appears that plaintiff in his pick-up truck was following the vehicle of the defendant's assured, which he observed to be driven on the left-hand side of the highway and which, by a moderate rate of speed, he was overtaking, when at a point very close to the laundry truck the driver maneuvered his truck to the right in front of plantiff, affording insufficient time, space or opportunity *132 for plaintiff to do anything effective to avoid the impending collision.
No other deduction could be reached from plaintiff's allegations than that plaintiff erroneously assumed that the driver of the forward vehicle would at some point to be reached on the highway drive off the highway to the left and park. Plaintiff's justification for this assumption is that the driver of the laundry truck gave no indication of his intention to do anything else (although there was no indication that he intended to do anything other than continue down the highway), and that there was a residence to the left of the road at which he might stop. Acting on this erroneous assumption, plaintiff continued to proceed on his right-hand side of the highway, without reducing his speed, and overtook the truck, which he attempted to pass on its right-hand side, when it returned to its proper right-hand side of the highway, where the collision occurred.
The maneuver undertaken by plaintiff in an attempt to pass the forward motor vehicle was clearly in violation of LSA-R. S. 32:233 which requires the passing vehicle to pass to the left of the preceding car. Plaintiff's movement was likewise in violation of LSA-R.S. 32:234, requiring that one motor vehicle shall not follow another vehicle more closely than is reasonable and prudent.
From an affirmative showing of such a course on the part of plaintiff, the conclusion is obvious that plaintiff was, at least, contributorily negligent and that such negligence was a proximate cause of the accident. It was plaintiff's duty to have made sure and certain of his position, either to have waited until he was certain of the course of the laundry truck or to have approached that truck with his own truck under such control as to stop promptly and avoid the collision. Under the circumstances, as alleged, there is an affirmative showing of plaintiff's negligence in violating the plain provisions of the aforesaid traffic regulations and in not exercising proper care while in an attempt to pass a forward vehicle. It was held in Manceaux v. Hunter Canal Co., 148 La. 93, 86 So. 665, that where the driver of an automobile truck, in his haste to pass a buggy, attempted to pass to the right of such forward vehicle, the truck driver was guilty of negligence in violating the law of the road and in not exercising proper care in attempting to pass the buggy. The negligence of the truck driver was the proximate cause of the accident. The same is true here.
Accordingly, it is the opinion of this court that plaintiff's petition affirmatively alleges facts showing he was guilty of contributory negligence and that under these circumstances defendant had a right to raise the issue by an exception of no cause or right of action, which, in our opinion, was properly and correctly sustained.
For the reasons assigned, the judgment appealed is affirmed at appellant's costs.
Affirmed.