GLADNEY, Judge.
Plaintiff appeals from a judgment rejecting a claim for damage to his Plymouth sedan incurred in a collision with defendant’s truck on June 18, 1951, about 2.6 miles west of Dubach, Louisiana, on State Highway No. 228. The accident occurred near noon on .a clear, dry day at the approach to a private driveway on the right or north side of the black-topped road.
The defense is predicated on a plea of contributory negligence which alleges fault by plaintiff in executing a dangerous maneuver in order to enter the driveway and without giving adequate and timely signal to defendant who was overtaking the automobile with the intention of passing. .Since there is no counterclaim on behalf of the defendant, Barnett, a discussion of his negligence, if any, is not required.. Our attention is directed solely to a resolution of whether or not plaintiff was guilty of negligence constituting *242 .•a proximate or contributing- cause of the accident. The decision herein must rest mpon a correct finding of such material ■facts as can be gathered from the testi■mony of the four witnesses who testified. 'These were Vairee Swift, plaintiff, E. H. .Barnett, defendant, T. R. Reynolds and :State Trooper, M. E. Kidd.
Swift testified it was his intention to •drive his vehicle into the private driveway above mentioned; that he observed -the truck of defendant following and gradually overtaking him at a speed of .about thirty-five miles per hour; and that aipon approaching the driveway and after ■observing the truck about one hundred •fifty feet to his rear, he gave a proper liand signal for a right turn, slowed his vehicle to approximately fifteen miles per liour, maneuvered his car to the left until .approximately one-half of it was to the .left of the center of the black-topped highway, and then turned sharply to the right ito enter the driveway. He explained it was necessary to swing his car to the left .because of a narrow entrance to the driveway. He acknowledged that after he first gave his signal to turn to the right he did not again observe the truck until the ac.cident happened. He testified further that if Barnett sounded his horn he did not .hear it and that he did not stop on the left -side of the highway prior to making the ^urn to the right.
Barnett testified that for some distance •jprior to reaching the scene of the accident .Swift was driving in the left traffic lane .and that as the two vehicles neared the ■driveway the truck was from fifty to one hundred feet to the rear of the automobile when the latter turned to the left, came to .a stop on the left side of the highway and ■then suddenly started up and turned sharply to the right as the truck was in the act ■of passing; that he did not observe any •turning signal by the driver of the automobile; and that he sounded his horn before attempting to pass the preceding vehicle at which time the right traffic lane was open. 'He said he was passing the Plymouth when ¡the collision occurred.
Reynolds was working about three hundred feet from the place of collision. He said his attention was attracted by the sound of a horn and he looked up in time to see the Plymouth automobile on the left side of the highway. He testified he did not actually see the collision, nor did he go to the scene of the accident.
Trooper Kidd arrived upon the scene after both vehicles had been removed. He inspected the highway for signs of physical evidence and later observed the damage incurred by the two vehicles involved. He testified the point of impact appeared to be on the right or north traffic lane and near the entrance to the driveway; that the wheels of the truck skidded about forty-three feet to the point of collision and that both vehicles came to a rest at approximately the spot where they came together. He further stated that the left front of the truck and the right side of the automobile were damaged.
In reviewing the testimony, we find the admission by Swift that he did not again observe the truck after first giving any signal of his intent to turn into the driveway. The record does not make clear whether Swift gave the correct hand signal timely enough or that it was seen by the driver of the following vehicle. Barnett denies he saw any signal. Plaintiff admits maneuvering his car to the left and then turning sharply to the right in order to enter the driveway. Although Swift denied hearing the sound of the truck’s horn, the testimony that such a signal was given is corroborated by Reynolds. The testimony of Trooper Kidd unquestionably indicates that the Plymouth automobile was almost completely over in the left traffic lane when Barnett attempted to pass. This is inferred from the location of the damage incurred by the two vehicles and their respective positions at rest following the collision.
From the above circumstances it is our conclusion that Swift was guilty of negligence which was a proximate and a contributing cause of the accident. The *243 driver of the Plymouth automobile was negligent not only in failing to maintain proper observance of the vehicle behind him, but it was also an act of negligence to maneuver his automobile to the left and then turn sharply to the right immediately in front of the following truck. There was, we think, a clear violation of the provisions of the Highway Regulatory Act requiring the driver of a vehicle about to enter a private road from the public highway to yield the right-of-way to all vehicles approaching on the highway. LSA-R.S. 32:237, Subdivision E. Due to the closeness of the truck, the presence of which was known by Swift, it was incumbent upon Swift to keep his automobile in the right lane of traffic and make no attempt to enter the private driveway unless he could do so safely. If he saw that a safe entry into the driveway could not be made Swift should have permitted the following vehicle to pass before ’ turning off of the highway.
The facts of the instant case are analogous to those in Kean’s v. National Surety Corporation, La.App. 1951, 53 So. 2d 427, 430. There a laundry truck was struck by the following truck when the driver of the laundry truck cut his vehicle to the left of the center line and then cut sharply to the right in order to turn off of an intersecting road. The Court of Appeal quoted the conclusion of the trial judge as follows:
“ ‘From all the facts and circumstances surrounding this case the Court has reached the conclusion that what actually happened was that Mr. Bonner reached a point at or very near the gravel road before he remembered that he was supposed to turn into it; that he reduced his speed suddenly; that he gave an inadequate right turn signal, or none at all; that in his confusion and uncertainty he came to almost a complete stop very near the center of the highway, paused there momentarily, turned squarely to the right and entered the gravel road. No other reasonable conclusion suggests itself.’ ”
The appellate court in summing up its reasons for affirming the judgment rejecting plaintiff’s demands, declared it was negligence for the driver of the forward vehicle to make “his unusual maneuver just prior to making his right turn.”
For the foregoing reasons our conclusion is that there is no manifest error in the judgment from which appealed, and accordingly, it will be affirmed at appellant’s cost.