218 So.2d 396 (1969)
C. W. NESBIT, Sr. et ux., Plaintiffs-Appellees,
v.
The TRAVELERS INSURANCE COMPANY et al., Defendants-Appellants.
No. 11141.
Court of Appeal of Louisiana, Second Circuit.
January 7, 1969.
Rehearing Denied February 5, 1969.
*397 Theus, Grisham, Davis, Leigh & Brown, Monroe, for defendants-appellants.
David T. Caldwell, Jonesboro, for plaintiffs-appellees.
Before AYRES, BOLIN, and DIXON, JJ.
AYRES, Judge.
In this action in tort plaintiffs, husband and wife, seek to recover of the defendants, Wheeling Pipe Line, Inc., and its insurer, damages for personal injuries, pain, and suffering sustained by the wife and for property damage to the family automobile as well as reimbursement of medical expenses, all of which are allegedly due to and arose out of a motor vehicle collision of August 11, 1967, on Hudson Avenue in Jonesboro, Louisiana. From a judgment in favor of plaintiff C. W. Nesbit, Sr., covering special damages in the sum of $736.88, and in favor of Mrs. Nesbit for damages for personal injuries in the sum of $2,500.00, defendants prosecute this appeal.
Involved in the accident were plaintiffs' 1963 model Ford automobile, operated at the time by Mrs. Nesbit, and defendant Wheeling's 1963 White Freightliner and Trailmobile loaded with approximately 70,000 gallons of diesel fuel. Defendant's tractor-trailer combination unit had a width of 7 feet 8 inches, a height of 10 feet 6 inches, and an overall length of 49 feet 1 inch. Both vehicles were proceeding in a southerly direction on Hudson Avenue, a paved street 53 feet in width from curb to curb, marked with a white center line and yellow lines indicating no passing for vehicles proceeding in either direction. Near the center of the city block on the west side of the street is a paved alley 14 feet 6 inches in width, running in a westerly direction from Hudson Avenue, which constitutes a passageway to the municipal power plant. No alley exists on the east, or opposite, side of the street. Situated there, however, is a bulk gasoline and oil station beyond or south of which is a graveled shoulder.
In proceeding south on Hudson Avenue, defendant's vehicle was in the lead, followed immediately by plaintiffs' automobile. The driver of the truck steered his vehicle to the left as if to park on the graveled shoulder, whereupon Mrs. Nesbit continued southerly in her proper lane of travel when, on reaching a point near the entrance to the alley, Allen Mack, driver of defendant's vehicle, suddenly cut the forward portion of the truck-trailer unit to the right in an attempt to enter the alley and proceed to the municipal power plant to unload his tank of fuel. In attempting this maneuver, a close and dangerous drive, the truck struck the left front of plaintiffs' car, causing the damages and inflicting the injuries upon which this action is predicated. Defendant's driver explained that, to make the turn into the alley as he intended, because of the length and size of his unit and the narrow entrance into the alley, it was necessary that he first turn to his left so that a considerable portion, if not all of his unit, would occupy his left, or the northbound, traffic lane of the street. That was the course he pursued. Mrs. Nesbit thought the driver of the truck was headed for and intended to park on the graveled shoulder. She saw no sign or signal that the driver was to attempt a right-turning movement *398 into the alley. The driver of the truck-trailer unit did not see the Nesbit car, which had followed him for two blocks, before or at the time he attempted the turn or when it came alongside his vehicle and was struck by it.
There was no showing of excessive speed on the part of the driver of either of the vehicles. The accident occurred about 1:00 p. m. There were no atmospheric conditions obscuring vision or adversely affecting driving operations. The conclusion is, however, inescapable that defendant's driver attempted a dangerous maneuver across a lane of travel without maintaining a proper lookout and without first determining that the movement could be made in safety. Moreover, defendant's driver testified, had he known plaintiff's vehicle was to his rear or alongside his truck, he would not have attempted the turn.
There is a statutory duty upon a motorist in making a right turn to ascertain that both the approach for the turn and the turn itself shall be made as close as practicable to the right-hand curb or edge of the roadway. LSA-R.S. 32:101. Moreover, a motorist shall not turn a vehicle at an intersection unless the vehicle is in the position just described, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. LSA-R.S. 32:104. Thus it was held that, where a motorist traveling on a highway intended to make a turn into a private driveway and was being closely followed by a truck, it was incumbent upon the motorist to keep his automobile in the right-hand lane of traffic and make no attempt to enter the private driveway unless he could do so safely, and, if he could not make a safe entry into the driveway, he should have permitted the following vehicle to pass before making the turn. Swift v. Barnett, 84 So.2d 241 (La.App., 2d Cir. 1955).
Moreover, it was held in Muller v. Herrin Motor Lines, 184 So. 406 (La.App., Orls. 1938), that the operator of a motor vehicle intending to turn to the right at an intersection, or into an alley or driveway, shall approach the point of turning in the traffic lane nearest the right-hand edge or curb of the roadway.
In Kean's v. National Surety Corp., 53 So.2d 427 (La.App., 1st Cir. 1951), a laundry truck was struck by the following truck when the driver of the laundry truck cut his vehicle to the left of the center line and then cut sharply to the right in order to turn off an intersecting road. That situation was similar to the occurrence here. There, it was held the driver of the forward vehicle was negligent by his unusual maneuver just prior to making his right turn. While the law imposes upon a following motorist a duty to exercise great care, sometimes referred to as extraordinary care (Evans v. Thorpe, 175 So.2d 418 (La.App., 2d Cir. 1965), an exception to this general rule of law is recognized in such instances as where the driver of a lead vehicle negligently creates a hazard which the driver of the following vehicle cannot reasonably avoid. Zeno v. Breaux, 164 So. 2d 666 (La.App., 3d Cir. 1964); Dykes v. Lowrance, 146 So.2d 171 (La.App., 3d Cir. 1962); Emmco Insurance Company v. St. Lawrence, 127 So.2d 202 (La.App., 4th Cir. 1961).
In applying these legal principles to the facts summarized above, the conclusion is that defendant's driver was guilty of negligence constituting an active factor in or a proximate cause of this accident.
Defendants contend, however, that Mrs. Nesbit was guilty of contributory negligence in attempting a passing movement to the right of defendant's vehicle in violation of the provisions of LSA-R.S. 32:73, requiring that such passing movement shall be made to the left. An answer to this conclusion is that Mrs. Nesbit was not attempting a passing movement. She was simply proceeding in her proper right-hand traffic lane after the driver of defendant's *399 vehicle had left it, or was in the act of emerging from that lane, and was, in her opinion, heading toward the left shoulder to park.
There is no question of Mrs. Nesbit's exercise of great care in this instance. No duty rested upon her to anticipate that the driver of the forward vehicle would steer his vehicle to his left lane of travel, apparently headed for a parking area, and then suddenly, as she was alongside the forward portion of his unit, cut it to the right and attempt a crossing of her traffic lane. This he did without warning and without looking to his rear or side to determine her presence or that of other motorists. Defendant's driver made no effort to determine that his unusual and dangerous maneuver could be executed in safety. We find no merit in the claim that Mrs. Nesbit was guilty of either direct or contributory negligence having a causal relationship to the occurrence of the accident.
No issue is presented on the appeal with respect to the award of special damages in favor of C. W. Nesbit, Sr. Defendants contend, however, that the award in favor of Mrs. Nesbit was excessive and should be reduced to a minimum of $750.00 or to a maximum of $1,000.00. Mrs. Nesbit sustained, in common parlance, a "whiplash" type injury. During treatment she was placed in traction for about a week and hospitalized for approximately the same length of time. She suffered considerable pain and discomfort which, without question, continued for a considerable period of time; notwithstanding this fact she was, on August 24, 1967, approved for resumption of her employment.
We find no abuse of the "much discretion" vested in the trial court in the determination of the award for personal injuries.
The judgment appealed is accordingly affirmed at defendants-appellants' costs.
Affirmed.