REID, Judge.
These companion cases, consolidated for trial and appeal, arose out of a single automobile accident which occurred in Tangi-pahoa Parish, Louisiana, on or about November 1, 1965. Each plaintiff alleges that on said date at about 11:30 A.M., plaintiff Josephine Accomando owned and was driving a 1963 Ford Fairlane 4-door automobile, in which the plaintiff Mary Accoman-do was riding as a guest passenger, in a southerly direction on U.S. Highway 51, and that when at a point about 1.8 miles south of the Town of Natalbany, Josephine Accomando was in the process of making a right-hand turn when her vehicle was violently struck on the right front by a 1959 International Tractor-Trailer, owned by Bulk Transport Company, Inc. and at the time being driven by its employee, Richard Samuel Cummings. Mary Accomando brought suit for alleged personal injuries against Bulk Transport Company, Inc. and its liability insurer, St. Louis Fire and Marine Insurance Company, and also against State Farm Mutual Automobile Insurance Company, the liability insurer of the driver of the Ford, Josephine Accomando. Jo *677 sephine Accomando brought suit against Bulk and its said insurer for alleged damages to her automobile'.
Defendants, Bulk Transport Company, Inc. and St. Louis Fire & Marine Insurance Company, filed an answer in each suit denying any negligence on the part of the driver of the Bulk Transport tractor-trailer, and in answer to the petition filed by Josephine Accomando, said defendants alleged contributory negligence on the part of Josephine Accomando which would bar her recovery.
In its supplemental and amending answer to the petition filed by Mary Accomando, the defendant State Farm Mutual Automobile Insurance Company alleged that should the Court find its insured, Josephine Acco-mando, guilty of any negligence, that the two plaintiffs were on a joint venture and that, therefore, Mary Accomando was bound by said contributory negligence of Josephine Accomando which bars her recovery.
Following the trial of these cases, the Trial Judge dismissed Mary Accomando’s claim against State Farm Mutual Automobile Insurance Company, and awarded judgment in favor of Mary Accomando and against Bulk Transport Company, Inc., in the sum of $5,000.00 for pain and suffering and $1,661.21 for special damages, and awarded judgment in favor of Josephine Accomando and against Bulk Transport Company, Inc., in the sum of $287.91.
St. Louis Fire & Marine Insurance Company was not an insurer of Bulk Transport Company and consequently was not cast in the judgment rendered on September 27, 1968, signed October 25, 1968.
Subsequent to the appeals taken from the judgment, Bulk Transport Company made a settlement with Mary Accomando of the judgment in her favor, with full reservation of its right to prosecute a devolutive appeal from that judgment as against State Farm Mutual Automobile Insurance Company, attempting to enforce contribution against it as the insurer of a joint tort-feas- or. A copy of the “Accord and Satisfaction Agreement” executed by said Mary Ac-comando in favor of Bulk Transport Company, Inc. has been filed in this Court. This leaves the only issue before the Court the question of the liability of Josephine Ac-comando and her insurer, State Farm Mutual Automobile Insurance Company.
No appeals were taken by either Josephine Accomando, State Farm Mutual Automobile Insurance Company or Mary Ac-comando, nor were any answers filed to the appeals taken by Bulk Transport Company, Inc.
The appellant sets forth some five specifications of error, namely, that the Court erred in failing to find that Josephine Ac-comando violated the provisions of LSA-R.S. 32:101, with respect to making right turns; in failing to find that she made a “wagon wheel” type of turn as she attempted to turn right from the highway into her driveway, thereby misleading the Bulk Transport driver approaching from her rear; in failing to consider the physical facts which were such that Josephine Ac-comando necessarily made an improper turn and violated the above statute; in failing to find that Josephine Accomando was a joint tort-feasor along with the driver of the Bulk Transport truck as to her passenger, Mary Accomando, so that she is solidarily liable for Mary’s damages; and in failing to find that her actions constituted contributory negligence thereby barring her recovery from Bulk Transport for her damages.
This boils itself down to the fact that the question is, was Josephine Accomando guilty of contributory negligence so as to bar her claim for recovery, and make her and her insurer contribute to the judgment in favor of Mary Accomando against Bulk Transport Company, Inc., for the amount paid by it in satisfaction of the suit of Mary Accomando against it.
The issue here is mainly one of fact, and there is not too much dispute over the facts. Josephine Accomando, accompanied by her *678 mother, Mary Accomando, was proceeding south on U.S. Highway 51. She was driving a 1963 Ford Fairlane 4-door automobile, and was followed by a 1959 International Tractor-Trailer, owned by Bulk Transport Company, Inc. and being driven at the time by its employee, Richard Samuel Cummings.
When Josephine Accomando arrived opposite her home, some 1.8 miles south of Natalbany, on U.S. Highway 51, she attempted to turn right into her driveway and at that time had a collision with the Bulk Transport tractor-trailer, causing damage to the right front of her car. The right front of her car struck or was struck by the rear end of the tractor or about one-third of the way from the front of the tractor-trailer.
Both Miss Josephine Accomando and Mrs. Mary Accomando took the stand and testified that Josephine Accomando put on her blinking lights for a right-hand turn and turned sharply right, staying in the right-hand lane.
The driver of the truck on the other hand testified that she pulled over into the left-hand lane of oncoming traffic in an attempt to make a wide or “wagon wheel” turn into the driveway, or possibly to turn left into a driveway on the east side of the highway. When the tractor-trailer attempted to pass on the right under these circumstances, and the front of the tractor-trailer was passing the Ford car, the car, when turning into the driveway, struck the tractor-trailer.
Officer Huey Adams of the State Police investigated the accident and he placed the point of impact in the southbound lane of traffic about opposite the driveway, and testified that there were 10 feet of skid-marks made by the tractor-trailer which were four feet over onto the shoulder of the highway.
Officer Adams further testified that this was a 24-foot concrete slab highway, 12 feet on each side of the middle line, and that the shoulders were 8 feet wide in addition on each side. Therefore, with the skid-marks there, it would place the tractor 4 feet over on the shoulder of the road and about 4i/¿ or 5 feet in the right or southbound lane of Highway 51.
The Ford car measured approximately 16 feet long and 7 feet wide and the tractor-trailer combination measured approximately 35 feet long and 81/2 to 9 feet wide. This made a 12-foot highway on which both cars are proceeding south, plus 8 feet of the shoulder.
There is no question of the liability of the Bulk Transport Company, Inc., because it was definitely negligent in attempting to pass the Ford on the right-hand side. However, there is definite negligence on the part of Josephine Accomando in attempting to turn right in the face of oncoming traffic and in violation of LSA-R. S. 32:101 in that she could not have turned from the right side of the highway as she testified she did.
There is testimony in the record by Officer Adams that Cummings made a statement to him that Josephine Accomando swung over to the left or east side of the southbound traffic lane in order to turn into her driveway, and that was when he attempted to pass on the right. We do not see how Josephine Accomando could have failed to see this tractor-trailer, and proceeding at the slow rate of speed she was going, that is, 10 to 15 miles per hour, she could have stopped the car, or at least turned to her left in order to avoid striking the tractor-trailer. The tractor-trailer was passing the front of her car at the time of the accident and in failing to see it or notice it, we believe that she was guilty of contributory negligence which would bar her recovery in her suit, and make her and her liability insurer joint tort-feasors with Bulk Transport and liable for one-half of the total amount of the judgment.
This is further borne out by the fact that there was 12 feet of pavement and 4 feet of shoulder, making a total of 16 feet. The car was 7 feet wide, the truck was 8i/£ or 9 feet wide and these two together make the *679 same figure, namely, 16 feet. So if Josephine Accomando had been on the extreme right of her traffic lane and then turned right into the driveway, the tractor-trailer would have struck her in the middle of the right side of her car and the front of the tractor-trailer would not have passed her.
LSA-R.S. 32.101(1) reads as follows:
“(1) Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.”
The case of Jones v. Armstead, 169 So.2d 268, decided by this Court, is very pertinent to the issues in this case. We held in that case as follows:
“ * * * Plaintiff’s version of the accident is supported by the physical facts and the testimony of Corporal Needham We believe the record clearly established defendant’s negligence in contravening the provisions of LSA-R.S.1950, § 32:-236(A) and § 32:235(B) in effect at the time of the accident, which respectively require that a motorist shall not turn a vehicle from a direct course unless and until such maneuver can be made with reasonable safety and shall make his approach for a turn, and such turn as well, as close as practical to the right-hand curb or edge of the roadway. (LSA-R.S. 32:101(1) and LSA-R.S. 32:-104(A) of the new Highway Regulatory Act cited by counsel for appellee were not applicable on the date of the accident, although their provisions are substantially similar to the sections of the Revised Statutes of 1950 hereinabove mentioned.) * * *
In any event there was nothing to indicate defendant would abruptly change the course of his vehicle and drive directly across plaintiff’s lane of travel.”
Also, our brothers of the Second Circuit, in the recent case of Nesbit v. Travelers Insurance Company, 218 So.2d 396, held as follows:
“There is a statutory duty upon a motorist in making a right turn to ascertain that both the approach for the turn and the turn itself shall be made as close as practicable to the right-hand curb or edge of the roadway. LSA-R.S. 32:101. * * * Thus it was held that, where a motorist traveling on a highway intended to make a turn into a private driveway and was being closely followed by a truck, it was incumbent upon the motorist to keep his automobile in the right-hand lane of traffic and make no attempt to enter the private driveway unless he could do so safely, and, if he could not make a safe entry into the driveway, he should have permitted the following vehicle to pass before making the turn. Swift v. Barnett, 84 So.2d 241 (La.App., 2d Cir. 1955).”
For these reasons we find that the contributing and concurrent negligence of Josephine Accomando made her a joint tort-feasor with Bulk Transport Company, Inc., and inasmuch as Mary Accomando was a guest passenger, Josephine Acco-mando and her insurer should be held jointly liable with Bulk Transport Company, Inc., and, therefore, the judgment of the lower Court in this respect is reversed and judgment rendered herein in the suit of Mary Accomando vs. St. Paul Fire & Marine Insurance Company and Bulk Transport Company, Inc., reversing the judgment of the lower Court insofar as it decreed the negligence of Bulk Transport Company, Inc., to be the proximate cause of the accident and it is ordered, adjudged and decreed that State Farm Mutual Automobile Insurance Company and Bulk Transport Company, Inc., be decreed joint tort-feasors and that Bulk Transport Company, Inc., have and recover judgment in its favor and against said State Farm Mutual Automobile Insurance Company for one-half of the judgment and costs actually paid by it in the said suit of Mary Accomando. It is further ordered, adjudged and decreed that the judgment in favor of Josephine Acco-mando and against Bulk Transport Company, Inc., be reversed and judgment ren *680 dered in favor of Bulk Transport Company, Inc. and against Josephine Accomando rejecting plaintiff’s demands at her cost.
Let the cost of this appeal be borne by Josephine Accomando and State Farm Mutual Automobile Insurance Company.
Reversed and rendered.