769 So.2d 1182 (2000)
Diana H. LEAL
v.
Shelton DUBOIS and Allstate Insurance Company.
No. 2000-C-1285.
Supreme Court of Louisiana.
October 13, 2000.
Rehearing Denied November 17, 2000.
*1183 PER CURIAM.
Defendants, Shelton Dubois and Allstate Insurance Company, seek review of a judgment of the court of appeal reversing the judgment of the district court in defendants' favor. For the reasons assigned, we now grant the writ, reverse the judgment of the court of appeal, and reinstate the judgment of the district court.

FACTS AND PROCEDURAL HISTORY
On September 14, 1996, plaintiff, Diana Leal, was driving her car eastbound on a two-lane road in Lafayette Parish. Defendant, Shelton Dubois, was proceeding in the opposite direction in a pick-up truck towing a piece of farm equipment known as a hay rake.[1] As plaintiff's car passed defendant's truck, the hay rake crossed over the center line of the road and scraped the driver's side of plaintiff's car, scratching the exterior.
*1184 Subsequently, plaintiff filed suit against defendant and his insurer, Allstate Insurance Company.[2] The matter proceeded to a bench trial. At trial, plaintiff claimed that she was struck by four of the five rollers on the hay rake. Specifically, she testified that the first roller of the hay rake landed on her windshield, the second spun over her hood, the third struck the front of her car, and the fourth scraped along the outside of the car, grabbed the exterior mirror, and came in through the open driver's side window. Plaintiff indicated that at that point, one of the prongs grabbed her on the arm around her left shoulder, jerking her neck and body violently, while another prong tore the driver's side seat. She conceded that the knit T-shirt she was wearing was not torn in the accident, but claimed that she immediately began to experience a burning, itching sensation in her neck and pain in her arm.
Defendant testified that the hay rake extended into plaintiffs lane of travel. He stated that the hay rake was not damaged as a result of the accident, but indicated he saw paint on one of the hay rake's rollers.
Ricky Hebert, a Lafayette Parish sheriff's deputy, happened upon the scene and performed a brief investigation. Consistent with an eyewitness' report, Deputy Hebert noted some scratches on the driver's side of plaintiff's car, but found no glass on the roadway. He found no scratches on plaintiffs arm, nor were her clothes torn. He recalled that plaintiff refused medical care and did not mention any damage to the interior of her car. Additionally, both parties refused to file an accident report.
At the conclusion of trial, the district court rendered judgment in favor of defendants, dismissing plaintiffs suit. The district court found the hay rake came into contact with plaintiff's car, scratching the exterior; however, the court concluded that the evidence did not support a finding that any other part of plaintiff's vehicle sustained damage. The court also found plaintiff did not prove by a preponderance of the evidence that she sustained any personal injuries as a result of the accident.
Plaintiff appealed. A five-judge panel of the court of appeal, with one dissent, reversed that portion of the district court's judgment finding plaintiff did not sustain personal injuries.[3] After conducting a de novo review of the record, the court of appeal concluded that plaintiff was injured as a result of the accident and awarded damages of $53,922.66. One judge dissented and would have deferred to the district court's credibility determination that the accident was far less serious than plaintiff described at trial, and that plaintiff's complaints of pain and injury were less than credible.
Defendants sought review of the court of appeal's judgment in this court. In order to determine whether the court of appeal erred in reversing the district court's ruling, we obtained the record from the court of appeal.

DISCUSSION
It is well settled that the district court's finding of fact may not be set aside on appeal in the absence of manifest error or unless it is clearly wrong. Stobart v. State Through DOTD, 617 So.2d 880 (La. 1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the factfinder, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). An appellate court should not *1185 substitute its opinion for the conclusions made by the district court, which is in a unique position to see and hear the witnesses as they testify. In re: A.J.F. Applying for Private Adoption, 00-0948 (La.6/30/00), 764 So.2d 47. The trier of fact is not disadvantaged by the review of a cold record and is in a superior position to observe the nuances of demeanor evidence not revealed in a record. Adkins v. Huckabay, 99-3605 (La.2/25/00), 755 So.2d 206.
While the court of appeal acknowledged this standard of review, it relied on our opinion in Bloxom v. Bloxom, 512 So.2d 839 (La.1987), for the proposition that appellate courts may afford less deference to the district court's factual findings when the lower court fails to articulate the theory or evidentiary basis for its conclusions. The court of appeal reasoned that because the district court did not explain its reasons for not attributing plaintiff's injuries to the accident, it was not required to give deference to the district court's findings.
We find the court of appeal misinterpreted our decision in Bloxom. In that decision, we carefully explained that deference should be accorded to the trial court's decision, even if that decision is of less than ideal clarity, if the trial court's path may be reasonably discerned, such as when its findings, reasons and exercise of discretion are necessarily and clearly implied by the record. Bloxom, 512 So.2d at 839.
After review, we conclude the district court's reasons for finding plaintiff did not sustain personal injuries as a result of the accident are necessarily and clearly implied by the record. The record demonstrates that the bulk of the evidence connecting the accident with plaintiff's personal injuries came from plaintiff herself. In written reasons for judgment, the district court clearly implied that it did not find plaintiff to be a credible witness, stating that she "did not prove, by a preponderance of the evidence, that she sustained any personal injuries as a result of this accident." The district court's finding of plaintiff's lack of credibility is further supported by the oral reasons given by the court in connection with its denial of plaintiff's motion for new trial:
I sat and heard the case. This was a caseand it was a case of believability and it was a case of credibility. And I found the plaintiff not to be credible.... I did not believe her testimony. And the injuries were not consistent with the testimony. And, as such, I did not find the plaintiff's injuries to be related to the accident. And, as such, I still don't.
Under these circumstances, the court of appeal erred in failing to give deference to the district court's factual findings, which were unequivocally based on a credibility determination.
In sum, we conclude the court of appeal erred in substituting its own factual conclusions for those made by the district court. The district court's factual finding that plaintiff did not sustain any personal injuries as a result of the accident is supported by evidence in the record and is not manifestly erroneous. Accordingly, we must reverse the judgment of the court of appeal and reinstate the judgment of the district court dismissing plaintiff's suit with prejudice.

DECREE
For the reasons assigned, the writ is granted. The judgment of the court of appeal reversing the judgment of the district court and awarding damages in favor of plaintiff in the amount of $53,922.66 is reversed. The judgment of the district court dismissing plaintiff's suit with prejudice is reinstated.
NOTES
[1] The hay rake consisted of five rollers or wheels, and was approximately thirteen feet wide.
[2] Prior to filing suit, plaintiff settled her property damage claim against Allstate for $1,509.74, the sum necessary to repair the exterior of her car.
[3] Leal v. Dubois, 99-957 (La.App. 3d Cir.4/5/00), 756 So.2d 684.