hAMY, Judge.
This matter arises from a two-vehicle collision which allegedly resulted in injuries to the plaintiffs. In' their suit, the plaintiffs alleged that the defendant fled the scene of the accident, which precluded him or his insurer from asserting a defense against their claim under the “no pay no play” provision of La.R.S. 32:866, since the vehicle they were operating at the time of the accident was uninsured. The trial court agreed with the plaintiffs and awarded damages. The defendant appealed. For the following reasons, we affirm.
Factual and Procedural Background
On March 9, 1999, Johnny McKinney was traveling in a westerly direction on Dallas Street in Alexandria, Louisiana, when he came up behind the vehicle in which Floyd Green was driving and the owner, Kenneth Thornton, was a passenger. As Mr. McKinney attempted to pass the Thornton vehicle, Mr. Green began a left-hand turn onto a side street, causing the two vehicles to collide.
While the parties stipulate as to the occurrence of the initial collision, their version of events following the accident are in dispute. Mr. Green and Mr. Thornton alleged that as a result of the collision, the two vehicles became locked together in the middle of the street. They claimed that Mr. McKinney then began to accelerate backward and forward, “rocking his vehicle,” in an attempt to dislodge it from the Thornton vehicle. Believing that Mr. McKinney was going to drive away from the scene, Mr. Thornton exited his vehicle and ran to the driver’s side of the McKinney vehicle to try and grab the keys from the ignition to stop Mr. McKinney from fleeing. Mr. Thornton stated it was at this time that he heard Mr. McKinney saying something to the effect of, “boy, do you know who I am, I have been in the army, I am a sergeant in the army for thirty years, I don’t, I got insurance, I’ll fix your truck, you’ll fix |j>mine.” Mr. Thornton stated that he smelled alcohol on Mr. McKinney’s breath and saw a bottle on the seat. The McKinney vehicle eventually dislodged, and Mr. Thornton and Mr. Green claimed that Mr. McKinney started driving away. Mr. Thornton testified that he got Mr. McKinney’s license plate number as he drove away. While it is not exactly clear how or when, Mr. Thornton and Mr. Green contacted the police and reported the accident.
Conversely, Mr. McKinney alleged that a very different set of events transpired after the collision. He claimed that once the vehicles became dislodged, both parties moved their respective vehicles to opposite sides of the street. Mr. McKinney testified that he exited his vehicle and went over to speak with Mr. Green and Mr. Thornton to see if they were injured. He asserted that once they indicated they *1115 were injured, he asked if Mr. Thornton wanted to contact the police. Mr. McKinney contends that both parties agreed not to call the police and that he assured Mr. Thornton that his insurance would pay for the damages sustained by both vehicles. Mr. McKinney stated that after giving Mr. Thornton his name, address, phone number, and license plate number, he drove home.
Several days later, city police went to Mr. McKinney’s place of employment to discuss the accident with him. Mr. McKinney testified that he was cited for failure to report an accident.
On October 1, 1999, Mr. Thornton and Mr. Green filed suit for damages against Mr. McKinney and his insurer, Imperial Fire and Casualty Insurance Company. Mr. McKinney answered the suit and alleged that due to the fact that the plaintiffs’ did not own or maintain liability insurance at the time of the accident, their claim was barred by the application of La.R.S. 82:866(A)(1), which states:
| a A. (1) There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
In turn, the plaintiffs rebutted Mr. McKinney’s defense relying on an exception to the limitation of recovery stated in La.R.S. 32:866(A)(1), which allows the uninsured motorist to recover his damages if it is proven that the driver of the other vehicle “[f|lees from the scene of the accident.” La.R.S. 32:866(A)(3)(c). The matter proceeded to a bench trial on July 11, 2000. After hearing the testimony of the three individuals involved in the accident, the trial court determined that the accident was caused by Mr. McKinney’s negligence. The trial court then found that the plaintiffs proved that Mr. McKinney had, under the applicable statute, fled the scene of the accident and, therefore, the plaintiffs were entitled to recover the damages sustained in the accident.
Imperial appeals the judgment, alleging that the trial court erred in its determination that Mr. McKinney fled the scene of the accident.
Discussion
Imperial alleges in its brief to this court, that while a trial court’s findings of fact are afforded great weight on appeal, a court of appeal may find manifest error in a finding purportedly based on credibility determinations when the witness’s story itself, is so internally inconsistent or implausible on its face that a reasonable trier of fact would not credit the witness’s story. Citing Stobart v. State Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). Imperial alleges that such is the case here, that the testimony given by Mr. Green and Mr. Thornton at trial, |4is so inconsistent, implausible, and contradictory, that the trial court’s reliance on their testimony was manifestly erroneous and/or clearly wrong. Imperial goes on to cite what it believes are contradictory portions of Mr. Green and Mr. Thornton’s testimony regarding the accident. Imperial claims that the two plaintiffs were inconsistent in their accounts of who actually wrote Mr. McKinney’s license plate number down, how Mr. Thornton managed to try and remove Mr. McKinney’s keys when he is only five feet, four inches tall, and how Mr. Green smelled alcohol on Mr. McKinney’s breath if Mr. McKinney allegedly quickly fled from the scene of the accident.
*1116 The trial court, however, reviewing the same testimony explained that:
[I]t would be ridiculous to say that the defendant, Mr. McKinney did not flee the scene. Mr. McKinneys’ [sic] negligence had totalled [sic] out the automobile owned by Mr. Thornton to the extent that it could not be driven. The steering wheel is, could not be turned because of the indention inside of the vehicle at the time. I can, the court cannot believe that these, that Mr. Thornton would have allowed Mr. McKinney to leave the scene of the accident after damaging his vehicle to such an extent, merely upon him giving his name, address and license plate number. The court puts more credibility into this testimony of Mr. Green and Mr. Thornton and therefore would rule that Mr. McKinney did, under the statute, flee the scene.
The trial transcript reveals that the trial court was presented with the conflicting versions of events which allegedly occurred following the accident. After weighing the testimony, the trial court gave greater weight to Mr. Thornton’s testimony and gave oral reasons in support of its factual findings. While we are recognize the issue Imperial attempts to make by comparing the testimony given by the plaintiffs, the supreme court has instructed that “an appellate court should not substitute its opinion for the conclusions made by the district court ... [since] [t]he trier of fact is not disadvantaged by a cold record, and is in a superior position to observe the nuances [ Rof demeanor evidence not revealed in a record.” Leal v. Dubois, 00-1285, pp. 3-4 (La.10/13/00), 769 So.2d 1182, 1184-85. (Citations omitted.) Accordingly, we find no clear error in the trial court’s factual finding, explained in oral reasons as a pure credibility determination, that Mr. McKinney fled the scene of the accident. When presented with such testimony, we cannot say that a reasonable trier of fact could not have found in favor of the plaintiffs.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant/appellant, Imperial Fire and Casualty Insurance Company.
AFFIRMED.