809 So.2d 1280 (2002)
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY
v.
REGAL INSURANCE COMPANY, et al.
No. 01-1446.
Court of Appeal of Louisiana, Third Circuit.
March 6, 2002.
*1281 Barney R. Aucoin, Attorney at Law, Lafayette, LA, for Plaintiff/Appellee Louisiana Farm Bureau Mutual Insurance Company.
John W. Penny, Jr., Penny & Hardy, Lafayette, LA, for Defendants/Appellants Regal Insurance Company [plaintiff in reconvention].
Court composed of SYLVIA R. COOKS, MARC T. AMY, and GLENN B. GREMILLION, Judges.
COOKS, Judge.
The appellant, Regal Insurance Company (Regal), appeals the trial court's final judgment in favor of the plaintiff, Louisiana *1282 Farm Bureau Mutual Insurance Company (LFBM), in this personal injury accident case. The judgment was in the amount of $3,874.21, plus $200.00 for the amount of the deductible, along with interest from October 5, 2000. The court further dismissed Regal's and Carlis McLinden's reconventional demand. We affirm.

FACTS
On October 15, 1999, while driving on Highway 94, a two lane highway in Breaux Bridge, Louisiana, the vehicles of Joyce Cormier[1] (insured with Regal), and Michael Fitzgerald (insured with LFBM) collided.
Cormier was pulling a 15 foot long flatbed trailer. Fitzgerald drove behind Cormier and the trailer. Cormier attempted to make a right turn from La. 94 into a driveway leading to her residence. As she approached the driveway, she swung her vehicle wide, entering the left turn only designated lane. Cormier testifies her right turn signal was activated as she made the maneuver. Fitzgerald testifies the turn signal was not activated. As Cormier's vehicle entered the left turning lane, Fitzgerald testifies he continued to travel straight. As he pulled along side of Cormier's vehicle, then in the left turning lane, Cormier began making a right turn forcing him to hit his brakes and swerve to the right of her vehicle in order to avoid a collision. His attempt was unsuccessful.

DISCUSSION

Standard of Review
Allocation of fault by the trial court is entirely a factual determination and is reviewed under the clearly wrong manifest error standard of review. Lee v. Missouri Pac. R.R. Co., 540 So.2d 287 (La.1989). A trial court is granted great and vast discretion in making fault allocation determinations. Courts reviewing cases involving allocation of fault should view the record as a whole through a lens of deference to the trial court and jury. Vigh v. State Farm Fire & Cas. Ins. Co., 97 0381 (La.App. 4 Cir. 11/19/97); 706 So.2d 480.
It is well-settled that the trial court's findings of fact may not be set aside on appeal in the absence of manifest error or unless clearly wrong. Leal v. Dubois, 00-1285 (La.10/13/00); 769 So.2d 1182; Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the fact-finder, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). An appellate court should not substitute its opinion for the conclusions made by the trial court, which is in a unique position to see and hear the witnesses as they testify. In re A.J.F. Applying for Private Adoption, 00-0948 (La.6/30/00), 764 So.2d 47. The trier of fact is not disadvantaged by the review of a cold record and is in a superior position to observe the nuances of demeanor evidence not revealed in a record. Leal, 769 So.2d 1182; Adkins v. Huckabay, 99-3605 (La.2/25/00); 755 So.2d 206.

Law and Argument
Regal contends the trial court erred in determining Ms. Cormier was 100% at *1283 fault when Fitzgerald collided into her vehicle. We disagree.
The law imposes a duty of great care on a motorist following a preceding motorist. Nesbit v. Travelers Ins. Co., 218 So.2d 396 (La.App. 2 Cir.1969). An exception, however, is recognized when the driver of the preceding or lead vehicle negligently creates a hazard which the driver of the following vehicle cannot reasonably avoid. Id.
A motorist making a right turn has a statutory duty under La.R.S. 32:101 to establish that both the approach for the turn and the turn itself "shall be made as close as practicable to the right-hand curb or edge of the road way." Nesbit, 218 So.2d at 398. Motorist "intending to turn... right at an intersection, or into an alley or driveway, shall approach the point of turning ... nearest the right-hand edge or curb of the road way." Id. at 398. A motorist shall not turn a vehicle right at an intersection or into an alley or driveway until such movement can be made with reasonable safety. Id. Regulations governing motorists making right turns are prescribed under La.R.S. 32:101 and La. R.S. 32:104. La.R.S. 32:101 provides, in part, as follows:
A. The driver of a vehicle intending to turn at an intersection shall proceed as follows:
(1) Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway....
La.R.S. 32:104 provides as follows:
A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. (Emphasis added).
B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.
C. No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal....
When a following motorist is suddenly confronted with an unanticipated hazard created by the preceding vehicle and the following motorist encounters an ensuing collision he or she could not reasonably avoid, the following driver should be found free from fault. Evans v. Olinde, 609 So.2d 299 (La.App. 3 Cir.1992).
In support of its contention the trial court erred in its allocation of fault, Regal cites three Second Circuit Court of Appeal cases where, it contends, the plaintiffs were found liable for contributory negligence.
First Regal cites McCullin v. U.S. Agencies Cas. Ins. Co., 34,661 (La.App. 2 Cir. 5/9/01); 786 So.2d 269. The court in McCullin found the driver of a Ford Explorer, the defendant, was following the driver of a pickup truck, the plaintiff, on a *1284 two-lane highway. The plaintiff came to a stop at an intersection and stated she accidently engaged her vehicle's left turn signal even though she intended to turn right. Id. Plaintiff testified when she attempted to make her turn, she saw in her rearview mirror defendant's vehicle approaching on the shoulder. Instead of making her right turn, she testified she proceeded forward to avoid a collision. Id. She was nonetheless hit in the rear by the defendant's vehicle. The defendant testified the plaintiff's vehicle veered into the left lane and then swerved back into the right lane, consequently, forcing him to the shoulder. Id. Despite defendant's contention, the court affirmed the trial court's $7,000.00 damage award after finding the defendant 90% at fault. The court held the defendant rear-ended the plaintiff's vehicle by executing a maneuver, passing another vehicle on the right, "with full awareness of the risk...." Id. at 276.
Regal next cites Myers v. Traders & General Ins. Co., 81 So.2d 130 (La.App. 2 Cir.1955). The court in Myers found the driver of a pick-up truck, the plaintiff, followed the driver of a laundry truck, the defendant, on a state highway. Id. When the defendant in the forward laundry truck steered from the left lane to the right lane, the plaintiff, on the assumption the laundry truck was driving off the highway to park, proceeded to pass the laundry truck on the right. Before the plaintiff's pick-up truck could overtake the laundry truck the laundry truck veered back into the right lane where the two vehicles collided. Id. The court affirmed the trial court's conclusion the plaintiff was guilty of contributory negligence for violating under La.R.S. 32:233,[2] which required passing vehicles to pass to the left of a preceding vehicle. Id.
Finally, Regal cites Rothring v. Travelers Indem. Co., 338 So.2d 1174 (La.App. 2 Cir.1976). The court in Rothring found a driver of a motorcycle, the plaintiff, attempted to passon the right shouldera truck driven by the defendant and stopped at the intersection of two streets. Id. When the plaintiff attempted to pass on the right of the defendant's truck, a collision ensued when defendant commenced a right turn. Though the court found the driver of the truck liable for failing to signal his intent to turn, it nevertheless held the driver of the motorcycle liable for contributory negligence by driving too close to the truck and failing to maintain a *1285 proper lookout. Id. The court affirmed the trial court's denial of plaintiff's demand for damages. Id.
We find the facts in the cases cited by Regal clearly distinguishable from those presented. First, Myers was decided in 1955 and the court found plaintiff violated a statute no longer existing. (See footnote 1, supra). At that time, La.R.S. 32:233, required a passing vehicle, when two vehicles were proceeding in the same direction, to pass on the left of the preceding or lead vehicle. See e.g. Mooney v. American Auto. Ins. Co., 81 So.2d 625 (La.App. 1 Cir.1955). In Myers, the plaintiff in the following vehicle was liable for contributory negligence because he drove his vehicle to the right of defendant's lead vehicle. The court stated; "[t]he maneuver undertaken by plaintiff in an attempt to pass the forward motor vehicle was clearly in violation of LSA-R.S. 32:233 which requires the passing vehicle to pass to the left of the preceding car." 81 So.2d at 132. Accordingly, the facts and law in Myers are inapplicable here.
The facts in McCullin indicate the plaintiff in the proceeding vehicle activated her left turn signal, albeit by accident, before making her right turn. While plaintiff was still in the right lane and before she executed any turn, the facts indicate defendant tried to overtake plaintiff's vehicle by going around heron the right shoulder. Though activation of plaintiff's left turn signal may have given the defendant in the following vehicle cause to assume plaintiff's vehicle would turn left, defendant was still burdened, upon plaintiff's activation of her vehicle's signal, with a duty of great care. Nesbit, 218 So.2d 396. Further, defendant in McCullin was found to have traveled on the right shoulder in his attempt to overcome plaintiff's vehicle.
In the instant case, the trial court found plaintiff never left her lane of travel to drive on the shoulder. It concluded plaintiff's vehicle was forced onto the shoulder. Testimony evidences plaintiff continued in his lane, driving next to Cormier's vehicle only after Cormier veered into the left turning lane. The trial court further found Cormier either failed to engage her signal or the signal on her truck was inoperable. Plaintiff had no cause to reasonably anticipate Cormier would veer back into the right lane in order to enter her driveway.
The facts in Rothring similarly are not consistent with the present facts. In that case, plaintiff's following vehicle, a motorcycle, attempted to overcome a defendant's lead vehicle which was stopped at an intersection rather than veering to the left as the lead vehicle in Myers. The defendant in Rothring was found liable for failing to signal a right turn, and the plaintiff was found contributorily negligent for failing to maintain a proper lookout and driving on the shoulder.
Again, the trial court in the instant case found Fitzgerald did not depart from his lane of travel when Cormier's vehicle veered into the left turning lane. The trial court also found Cormier did not engage a turn signal enabling Fitzgerald to anticipate she would steer back into the right lane.
We find the facts in Nesbit analogous to the facts in the case at bar. Nesbit involved a collision between two vehicles, both proceeding in the same direction. Nesbit, 218 So.2d 396. The plaintiff's vehicle followed the defendant's vehicle, an eighteen-wheel truck. The court found the defendant's vehicle crossed over the centerline into the oncoming lane of travel. The court found defendant's action induced *1286 plaintiff to believe defendant was going to park the truck on the shoulder. Instead, the truck attempted a right turn resulting in the two vehicles colliding. Id. The court allocated 100% fault to defendant holding motorists making right turns have a statutory duty to assure the turn can be made safely. Id.
Pursuant to the legal principles and applicable standard of review noted above, we cannot say the trial court's determination of fault in this instance is clearly wrong. The trial court found Cormier's testimony was inconsistent. The trial court further found Cormier's husband contradicted her testimony that he helped her connect the trailer's lights. Her testimony that she did not veer into the left turning lane was contradicted by Joseph Calais, an independent witness traveling directly behind Fitzgerald's vehicle when the accident occurred. Moreover, the trial court found the investigating officer's testimony probative when he testified the skid marks were consistent with Fitzgerald's statement that he swerved onto the right shoulder only to avoid Cormier vehicle. The court stated;
Skid marks indicate Mr. Fitzgerald attempted to avoid the collision by veering to the right ... onto the shoulder of the road. This leads the Court to conclude that either Mrs. Cormier failed to signal her intentions or that the signal on the truck was inoperable.
The record supports the conclusion that Fitzgerald encountered an unanticipated hazard created by Cormier's preceding vehicle. The trial court properly found Fitzgerald free of fault. See Evans, 609 So.2d 299.

DECREE
For the forgoing reasons, the judgment of the trial court allocating 100% fault to Ms. Cormier and her insurer, Regal Insurance Company, is hereby affirmed. All costs of this proceeding are assessed against the appellants, Ms. Joyce Cormier and Regal Insurance Company.
AFFIRMED.
NOTES
[1] The vehicle driven by Cormier at the time of the incident, a 1997 Dodge Ram truck, was owned by Carlis D. Mclendon. Dismissal of Mclendon's plea of reconventional demand is not at issue on appeal. The sole issue for appeal is the trial court's allocation of fault.
[2] Chapter 1 of Title 32, "Traffic Regulation," consisting of R.S. 32:1 to 32:380, was amended and reenacted by Acts 1962, No. 310, § 1 to consist of R.S. 32:1 to 32:399. The 1962 Amendment rewrote La.R.S. 32:233 which previously read:

A. The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.
B. The driver of an overtaking vehicle shall give audible and sufficient warning of his intention before overtaking, passing or attempting to pass a vehicle proceeding in the same direction.
La.Rev.Stat. 32:233 currently reads as follows:
Whenever special pedestrian-control signals exhibiting the words "Walk" or "Don't Walk" are in place, such signals shall indicate as follows:
(1) Flashing or Steady WALKA pedestrian facing the signal may proceed across the roadway in the direction of the signal and shall be given the right-of-way by a driver of a vehicle.
(2) Flashing or Steady DON'T WALKNo pedestrian shall start to cross the roadway in the direction of the signal, but a pedestrian who has partially completed his crossing on the "Walk" signal shall proceed to a sidewalk or safety island while the "Don't Walk" signal is showing.