AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for personal injuries sustained in a motor vehicle collision of May 12, 1961, on North Vienna Street in the City of Ruston. Involved in the collision were the Rea pickup truck, in which plaintiff was accompanying her husband as a guest passenger, and the automobile of one J. R. Wilson. The defendant is the liability insurer of the Rea truck.
Negligence charged to Rea, plaintiff’s husband, in the operation of his truck, consisted primarily of his giving a left-turn signal, whereupon he attempted a right-turn movement without keeping or maintaining a proper lookout and without first ascertaining that the movement could be made in safety. Additionally, plaintiff relied upon the doctrine of last clear chance. Negligence on the part of its assured was denied by defendant, which charged Wilson with negligence, constituting the sole cause of the accident, in attempting to pass to the right of the Rea truck in violation of the provisions of both state statute and city ordinance, and in failing to keep and maintain a proper lookout or to keep his vehicle under control. Also charged as negligence was Wilson’s failure to accord Rea the right of way.
After trial, the court found Durwood Rea, defendant’s assured, free of negligence and, accordingly, rejected plaintiff’s demands. From the judgment thus rendered, plaintiff appealed.
For a resolution of the questions presented on this appeal are issues purely factual in character. The trial court reviewed the facts in a written opinion. Of primary concern is whether the proof offered supports the conclusions reached
North Vienna Street, at the time of the accident, was a 2-way street, one lane in each direction separated by a white line in the center of the street, with a narrow, parallel parking area on each side, separated, likewise,' by a white line, from the travel lanes. Both vehicles were proceeding in the same direction at the time of the accident, the Rea truck in the lead in the northbound traffic lane, the Wilson vehicle, to the rear, proceeding in the parking area to plaintiff’s right.
Of first concern is whether plaintiff failed to maintain a proper lookout. On the left side of the pickup truck was the usual rearview mirror. Rea testified that, before attempting his right turn from North Vienna Street into East Florida Street, he looked into his rearview mirror but failed to observe the approach of any vehicle to his rear, especially the vehicle which later developed to be that of Wilson. As found by the trial court, Wilson had obviously already proceeded along the parking lane next to the curb to a position from which direction he could not have been observed by Rea in looking into the rearview mirror.
We are convinced, as was the trial court, from our review of the evidence, that Rea made a reasonable effort to determine the presence of any traffic to the rear of his vehicle that would be affected by his intended right-hand turn. He was under no duty to anticipate that Wilson would, in violation of the rules prescribed by both statute and ordinance, attempt to pass to *138 his right or at a street intersection, or that he would even proceed in an area reserved exclusively for parking. Therefore, the record did not disclose any fault or negligence of Rea in his failure to see or to observe the presence of the Wilson vehicle on his right.
Next, it is contended that Rea gave a signal indicative of a left turn and then made a right turn. It is, thereby, asserted that such a signal constitutes an invitation to following traffic to begin a passing movement on the right, and that, after having misled the driver of the following vehicle as to the direction of the turn he was to make, such act constituted negligence. Testifying on this point were Mr. and Mrs. Rea, Jack Wilson, and a Miss McCoy, who was accompanying Wilson at the time of the accident. According to the testimony of Rea, on direct examination, it was his intention to make a right turn, but he was not sure of the type signal he gave. Under cross-examination, he admitted, however, he knew that to give a signal indicative of a right turn, one must hold his left hand out the car window and upward at a 45-degree angle. Furthermore, in a statement which he gave to an insurance agency four days after the accident, Rea stated that he gave his signal long before making his turn, indicating his intention to make a right turn. On this point, Mrs. Rea was also questioned. According to her testimony, she knew her husband gave a signal, but was not certain of the type or kind of signal he gave. Wilson, under deposition, testified that Rea gave a signal indicative of a left turn, followed by an attempt to make a right turn, which Wilson contends precipitated the collision. From discrepancies in Wilson’s testimony, and from his erroneous recollection of the physical facts, the trial court discounted his testimony. The testimony of Miss McCoy added nothing toward resolving the question.
From our review of the record, we are of the opinion, as was the trial court, that Rea gave the proper signal for a right turn. The evidence further establishes that Wilson was proceeding in a parking area of the street to the right of the forward truck, in an effort to pass.
Lastly, for consideration on the question of liability, is the question presented as to the applicability of the doctrine of last clear chance. The rule is that where a motorist sees a person in peril, or by the exercise of due diligence should have seen one in peril, of which such person is not aware, a duty devolves upon the motorist to use every possible available means tcj avert injury, notwithstanding the negligence of such person. If a motorist fails to perform such duty, the last-clear-chance doctrine applies even though the person’s negligence continues to the accident. Jackson v. Cook, 189 La. 860, 181 So. 195; Rottman v. Beverly, 183 La. 947, 165 So. 153.
Under the facts established to have existed at the time of the accident, this doctrine has no application. As heretofore observed, Rea was under no duty or obligation to observe or to assume that traffic would be approaching in the parking lane to his right, or that such traffic would attempt a passing movement to his right in such parking lane in violation of law or ordinance. Nor could Rea have seen Wilson’s car from the rearview mirror attached to the left side of his truck. Thus, we conclude that Rea did not see and could not have seen the vehicle, had he made observation in the rearview mirror as he testified. Nevertheless, despite Rea’s exercise of due diligence in this regard, he failed to observe Wilson’s car.
From our review and appreciation of the evidence, plaintiff has failed to establish fault or negligence on the part of her husband by a preponderance of the evidence and to a legal certainty constituting either a proximate or a contributing cause of the accident.
Accordingly, the judgment appealed is affirmed at plaintiff-appellant’s cost.
Affirmed.