HALL, Judge.
This is a suit by Mrs. Elaine Garatie, wife of Roy Bush, against Westside Transit Lines, Inc. and its public liability insurer for damages for personal injuries received by her when her automobile was struck by a bus owned and operated by *448 Westside Transit Lines, Inc., as she was turning into the driveway of her residence at 632 Franklin Street in the City of Gret-na. Her husband joined in the suit seeking reimbursement for his wife’s medical expenses and damages to the community automobile.
Plaintiffs prosecute this appeal from a judgment on the merits rejecting their demands and dismissing their suit at their cost.
The issues presented are purely factual.
The collision occurred on Franklin Street directly in front of plaintiffs’ driveway at about 7:30 A.M. on September 20, 1965. The day was clear, visibility was good, and the streets were dry.
Franklin Street is a six lane thoroughfare divided by a neutral ground. Three lanes are for traffic travelling from Gretna towards Algiers and three lanes for traffic going in the opposite direction. Both the automobile driven by Mrs. Bush and the bus had been travelling in the same direction (towards Algiers) for several blocks prior to the accident. Mrs. Bush was ahead of the bus and as she was making a right turn into the driveway the left front bumper of the bus struck her car a glancing blow on her right front door and fender. Both vehicles came to a stop almost immediately. Mrs. Bush suffered injuries to her left arm, wrist and shoulder and her automobile was damaged in the sum of $225.47.
The driveway of the Bush residence enters Franklin Street approximately one hundred and twenty feet from the corner of Rupp Street which is the first cross street on the Gretna side of the residence. Rupp Street is eighty feed wide. From Rupp Street going toward Gretna other cross streets pertinent to a discussion of the facts are, in the order named, Perry Isabel and Burmaster Streets.
Mrs. Bush and the bus operator, Terry J. Permillon, Sr., were the only eye witnesses who testified relative to the accident.
Mrs. Bush testified that on the morning of the accident she drove her daughter toward Gretna on Franklin Street and dropped her off at the corner of Perry Street; that she then proceeded on to Isabel Street where she made a U-turn into the middle lane of Franklin Street to return home; that as she made the turn she saw the bus coming toward her on Franklin Street; that the bus was then crossing Burmaster Street, a bldck away; that she continued in the middle lane at about fifteen miles per hour and just as she passed Rupp Street she put on her right turn signal and when she arrived opposite her driveway she stopped, shifted into second gear and was starting her turn into the driveway at about eight miles per hour when the bus hit her; that the impact was almost instantaneous as she started her turn. She further testified that she had travelled all the way in the middle lane of Franklin Street and was making the turn into her driveway from that lane; that she had observed the bus a block behind her as she crossed Perry Street and that she last saw the bus when she was about the middle of the block between Perry and Rupp Streets; that the bus was a little less than a block behind at that time, also travelling in the middle lane. Mrs. Bush stated that she never looked again because she figured the bus was going to stop on Rupp Street on her right rear. She did not see the bus again until she had commenced her turn at which time she saw him coming alongside on her right, a split second before the collision. The bus hit her just as the front of her car was entering the parking lane. After striking the car a glancing blow with its left front bumper the bus came to rest on an angle with its front end up on the sidewalk and the back end in the parking lane.
Mr. Permillon, the bus driver, testified that he stopped to pick up three passengers at Burmaster Street; that he made another stop for passengers at the next corner (Isabel Street) then proceeded out into the middle lane of Franklin Street and con *449 tinued in that lane toward Algiers at about twenty miles per hour; that he first saw plaintiff’s automobile when he was about seven or eight feet to its rear; that it was then travelling straight ahead in the neutral ground lane to his left; that the automobile cut suddenly to the right across his front; that he jammed on his brakes and turned to the right but could not avoid the accident.
The accident was investigated by Officer Joseph A. Juneau of the Gretna Police Department. His written report is in evidence and contains the following statement:
“Driver of Veh. #1 [Mrs. Bush] stated that she was in left lane of traffic, had on sig. indicator for a right turn into her driveway and didn’t see Veh. #2 [the bus] on her right, as she started to turn in driveway. Driver of Veh. #2 stated that when he knowiced (sic) Veh. #1 cutting in front of him he sewer (sic) to the right, trying to avoid a collision, coming to a stop on banked (sic).”
Officer Juneau testified that he got the information contained in his report by talking to both drivers at the scene and that he wrote up his report at police headquarters about an hour later. He further testified that he had an independent recollection that Mrs. Bush told him she was in the left-hand lane and signaled she was making a right turn because she lived in the middle of the block.
On rebuttal, Mrs. Bush denied that she told Officer Juneau that she was driving in the left traffic lane. She insisted that she told him she was in the middle lane; that her husband was present when she spoke with the officer.
Mr. Bush testified that he was present when Officer Juneau made his investigation; that he overheard the conversation between his wife and the officer and that his wife told the officer she was proceeding down the center lane when she made her turn.
Appellant takes the position that both vehicles were travelling in the middle lane; that Mrs. Bush had on her right turn signal and that the bus driver was negligent in not seeing her until he was too close to avoid the accident by swerving to the right. In his written “Reasons for Judgment” the Trial Judge said:
“The Court found for the defendant in this case, on the basis of the sole negligence of the plaintiff, Mrs. Elaine Gar-atie, wife of Roy Bush. This conclusion was reached upon the Court’s determination that Mrs. Bush attempted to improperly make a right turn in the path of the bus and that the driver of the bus made a serious attempt to avoid the collision. Although there is some conflict in the testimony, relative to the respective lanes of traffic in which the vehicles were travelling immediately prior to the accident, the Court reached the conclusion that Mrs. Bush was ahead and to the left of the bus and that she attempted to turn directly in path of the bus.”
We find no manifest error in the Trial Judge’s findings or conclusions.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiffs.
Affirmed.