BOLIN, Judge.
George M. Li veranan sued John Stuart Gee and the latter’s insurer, Dixie Automobile Insurance Company, for damages for personal injuries and related special expenses resulting from a collision between a Rambler automobile, owned and driven by Liverman, and a Dodge car driven by Gee. Defendants denied the accident was caused by the negligence of Gee and alternatively pleaded the contributory negligence of plaintiff. For oral reasons made a part of the record, the trial judge rendered judgment in favor of plaintiff and against defendants for a total of $4,506.50 and defendants appeal.
The collision occurred October 30, 1969, at approximately 9:15 o’clock in the morning in the 1300 block of Centenary Boulevard in Shreveport, Louisiana. The weather was rainy and the streets were wet. Centenary, which runs generally north and south, is considered a 2-lane thoroughfare with one lane for northbound traffic and one lane for southbound traffic. Although in some areas there is a parking lane during certain hours, there was no parking permitted at any time in the immediate vicinity of the scene.
On the day of the accident both vehicles were northbound. The cars had stopped at the intersection of Jordan and Centenary in obedience to a red traffic light, and when the light changed both cars continued north on Centenary. Gee’s car was on the left near the center line of the street, and Liver-man’s vehicle was following about six feet behind in the outside or curb lane. The cars proceeded in this position at a very slow rate of speed until they approached a “painted island” near the center of Centenary Boulevard. On the east side an alley intersects the Boulevard at or near the widest part of this island. The painted portion at the southernmost part is a narrow point and gradually veers to the right for the purpose of forcing traffic going north to converge to the right and form one line before reaching Stoner Avenue, which intersects Centenary seventy feet north of the island.
Gee testified he stepped off the distance from the point of impact south to the point of the island and estimated this distance as forty feet. He also testified the impact occurred about ten feet south of the alley. There is no positive evidence in the record as to the length or width of this island, but it appears from the schematic drawing introduced in evidence that it is approximately eighty feet in length.
A letter from the assistant traffic engineer of the City of Shreveport was introduced into evidence, without objection, in order to clarify the traffic situation at the scene of the accident. The portion of the letter which relates directly to this case states:
“2) The painted area next to the center-line is a painted island to move all northbound traffic over to provide a left turn lane at Stoner Ave. From the point where we begin to pull the center line over toward the curb we prohibit parking to allow the traffic lane to move over toward the curb. We therefore still have only one (1) northbound lane until we are within approximately 70 feet of the intersection where we widen out to provide a left turn lane and a through and right turn lane.”
A sketch and several photographs were introduced into evidence which, together with the testimony of Gee, reflect the width of the area between the painted island and the curb of the street was only fourteen feet at the scene of the impact. Parking was prohibited in this immediate area at all hours. Gee, driving the lead vehicle, testified he had intended to turn right into the alley beside a store located north of and adjacent to the alley. Liverman’s vehicle was approaching from the rear and was about six feet behind the Gee automobile when the latter suddenly turned or veered to the right.
*371 Plaintiff contends the accident was caused solely by Gee’s attempting to make a right turn from the left lane directly in front of Liverman’s vehicle. Gee, on the other hand, says he was forced to maneuver his car to the right, in obedience to the traffic rules indicated by the painted island, when his car was struck on the right by Liverman’s vehicle. Both vehicles were going very slowly and the evidence is conflicting as to whether the lead vehicle gave any signal of an intent to turn right.
The investigating officer, referring to his report of the accident reflecting statements of the parties thereto, testified Gee said, “he was northbound on Centenary in the middle lane and he was fixing to attempt a right turn into the alley right next to that steel pole there, and this other car came up on his right and he hit him.” The officer testified Liverman stated, “he was northbound on Centenary in the curb lane, and he was coming up alongside of this car, and the car on the left made an abrupt right turn into the left side of his car and forced him into the pole.”
The first question to be determined is whether Gee was negligent. Determination of this issue rests primarily upon whether Gee abruptly turned his car right from Centenary into the alley or whether he gradually veered it to the right in compliance with the painted island. A fair reading of all the evidence supports a finding Gee suddenly turned his vehicle to the right and engaged his right blinker light. Even though the street in this vicinity was one-way for traffic proceeding north, he owed a duty to observe to the rear and see if his right turn would endanger a following motorist. If he had made this observation he would or should have seen Liverman’s car which was only about six feet behind traveling at a very slow rate of speed. Although Gee claims he gave a timely signal of his intention to turn right, we do not think the record supports this contention. We conclude Gee was negligent and his negligence was a proximate cause of the accident.
The second question relates to the possible contributory negligence of plaintiff. We fail to find Liverman committed any acts of negligence. He was following very slowly behind Gee’s vehicle. It would be sheer speculation to hold the collision would have occurred if Gee had followed the traffic pattern of the painted island rather than suddenly turning to the right. To the contrary, it is reasonable to assume Liverman’s car was following at a sufficient distance so that he would have avoided the accident if Gee had not suddenly turned his car to the right.
Defendants cite Rea v. State Farm Mutual Automobile Insurance Company, (La. App. 2 Cir. 1963), 149 So.2d 136, as supporting a finding of contributory negligence against Liverman. In Rea the court held a motorist negligent in attempting to pass another vehicle at an intersection and on the right in a traffic lane reserved exclusively for parking. That is not the case here, because Liverman was not attempting to pass Gee’s car nor is the alley considered an intersection.
We turn next to the question of the correctness of the award of $3,500 for personal injuries and $1,006.50 for medical expenses, property damage and loss of wages. Plaintiff suffered a rather severe cut on his lip and a fractured elbow which incapacitated him for a period of six to eight weeks. Approximately five months after the accident his treating physician said he had residual pain which should gradually diminish within an additional three to six months. Since his work was that of an insurance salesman, he was unable to pursue his occupation for the time he was incapacitated. He testified his earnings averaged $1,000 per month. The lower court awarded plaintiff $750 for loss of earnings. Appellants question the total award and particularly the items for personal injury and loss of wages. We do not find the award constituted an abuse of the discretion vested *372 in the trial judge under Louisiana Civil Code Article 1934(3) and cases cited thereunder.
The judgment of the lower court is affirmed at defendants’ cost.