STOULIG, Judge.
This appeal is prosecuted by Roy O. Chauvin only, one of the several defendants cast in solido in judgment for damages arising from a four-car collision. Appellant was the operator of a taxicab in which Mrs. Mary Roig, the plaintiff, was a passenger at the time of the accident.
The only assignment of error is directed against the trial court’s finding that appellant was guilty of negligence in the opera-tin of his vehicle. This appeal poses for our consideration the question of whether or not from the evidence presented there is a sufficient factual basis for concluding that the appellant was guilty of negligence which contributed toward the injury of his passenger. We concur in the trial court’s conclusion.
All of the four vehicles involved were headed in the same direction, and had stopped on St. Claude Avenue in obedience to a red signal light controlling the intersection at Poland Avenue. Mr. Chau-vin’s taxicab was the first in line occupying the middle or right lane. Immediately to his rear were two other vehicles. To his right in the adjoining lane, identified *520 as a parking lane or bus zone, was the automobile operated by Paul Delesdernier, who had stopped to purchase a newspaper.
When the signal light changed, the Chauvin taxicab and the Delesdernier vehicle started forward at approximately the same time, with Mr. Chauvin attempting to make a right turn in front of the moving car in the bus zone. The left front of the Delesdernier car collided with the right rear side of the taxicab immediately setting in force a rear-end chain reaction of the two other vehicles with the taxi.
Appellant maintains his vehicle was in the proper lane for the making of a right turn and that the parked Delesdernier car negligently pulled from the curb, causing the accident. He admits awareness of the presence of the Oldsmobile in the adjoining traffic lane and that it started to move at the same time he did. Though the cab driver testified he had not begun his right turn into the adjoining lane when struck, the weight of the other evidence, testimonial and physical, preponderates in the opposite conclusion. The passenger, Mrs. Roig, confirmed the presence of the Deles-dernier automobile in the adjoining traffic lane and the fact that it began to move simultaneously with the taxicab. Thus from the testimony of these two witnesses it must be concluded Mr. Chauvin had knowledge of facts and circumstances that he could not safely negotiate a right turn movement in the path of the Delesdernier car.
Even if we were to assume that Chauvin satisfied the requirements of LSA-R.S. 32:101 by making his right turn from the lane as close as practicable to the curb, nonetheless he was guilty of negligence in attempting to execute this right turn maneuver without first ascertaining he safely could do so. More specifically, he is in violation of LSA-R.S. 32:104 in that he attempted to execute a right turn without sufficient time or distance, thereby contributing to the occurrence of the accident. It is this failure to act as a reasonable and prudent man under the existing circumstances and to comply with the requirements of this statute that constitute Mr. Chauvin’s negligence in these premises.
A careful examination of the record discloses that there is an adequate evidentiary basis for the trial court’s holding Mr. Chauvin guilty of negligence. The cases are legion that on appellate review the trial court’s findings of fact shall not be disturbed unless manifestly erroneous. No need exists for us to substantiate this well-recognized legal principle.
We are not concerned with the negligence of the drivers of the other vehicles which would simply constitute concurrent negligence and would not exculpate Mr. Chauvin from fault.
For the foregoing reasons the judgment of the lower court is affirmed at the appellant’s cost.
Affirmed.