346 So.2d 225 (1977)
Sherman DAVIS and Alvin Johnson
v.
Charles BOWMAN and Marie Bowman.
No. 7779.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1977.
On Rehearing February 15, 1977.
*226 Charles J. Pisano, New Orleans, for plaintiffs-appellants.
Michael H. Bagot, John H. Gniady, New Orleans, for defendants-appellees.
Before REDMANN, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Plaintiffs sued to recover for personal injuries and property damage resulting from an automobile collision with a car operated by Charles Bowman and owned by Marie Bowman. The accident occurred on April 11, 1975 at the intersection of Earhart Boulevard and Simon Bolivar Street in New Orleans. After a trial on the merits, plaintiffs' suit was dismissed without reasons at their costs. We affirm in part and reverse in part.
On the date of the accident, plaintiff Davis was operating a vehicle owned by plaintiff Johnson in a southerly direction down Earhart Boulevard. There is a conflict in the allegations of the petition and the testimony of Davis as to his lane of travel on Earhart. Davis testified that he was in the left lane. Charles Bowman had been traveling down Earhart in a southerly direction. He had stopped for a red light at the intersection in question. Defendant Bowman testified that he was in the left lane of Earhart Boulevard. The parties agreed that Bowman was in a lane to the left of plaintiff's lane. When the traffic signal light became green, Bowman attempted to make a right turn onto Simon Bolivar from his position in the left lane. Bowman had almost completed the turn, when plaintiff came from behind and hit his right rear bumper and fender.
There are two lanes of travel on Earhart Boulevard at the point before the intersection with Simon Bolivar. There are also two lanes running parallel and to the left of the Earhart lanes coming off the Expressway ramp. The two sets of lanes are separated by a solid median strip. There are semaphore signals controlling traffic at the intersection. There are also phase diagrams above each lane directing the traffic as to the proper course of travel. The diagram over the lane closest to the right curb nearest the sidewalk on Earhart contains two arrows ([ ]), directing the traffic to either move forward or to make a right turn. The diagrams over the other three lanes ([ ]) to the left, direct the traffic to continue on a straight course and do not allow for a turning maneuver.
Davis argues that defendant made an improper turn from the left lane cutting directly in front of his vehicle. He denies that he intended to make a right turn. He also argues in his brief that the trial judge was in error in rendering his decision without hearing the testimony of the investigating officer. The officer had been subpoenaed but was ill the day of trial. Plaintiffs' counsel contends in his brief that at a pretrial conference the judge agreed to delay his decision until he heard the policeman's testimony. There is no evidence in the record to support this discussion or agreement. Plaintiff closed his case without reserving his right to call other witnesses.
Bowman testified that a vehicle in the left lane at the intersection is permitted to make a right turn. He believed that Davis was required to make a right turn. Bowman testified that he checked the right lane via his rear view mirror and didn't see the plaintiff's car approaching.
Defendant cites several cases where party in a vehicle traveling to the right of a *227 car making a right turn was found to be negligent. Bowman also argues that plaintiffs have failed to sufficiently prove their damages. He contends that since Johnson returned his car to the car dealer without making any repairs, he is not entitled to damages. Defendant argues that Davis did not prove a loss of wages or medical expenses.
The cases cited by defendant on liability are inapplicable. The driver making the right turn in Lambert v. Foy, 224 So.2d 11 (La.App. 1 Cir. 1969) was properly in the right outside lane and was hit from behind by the overtaking following driver who was also in the right lane. In Linnear v. Wilson, 312 So.2d 685 (La.App. 2 Cir. 1975) the following driver was traveling improperly on the right shoulder of the road. In Rea v. State Farm Mutual Automobile Ins. Co., 149 So.2d 136 (La.App. 2 Cir. 1963) the following vehicle was traveling in the parking lane to the right of the right turning vehicle. In Ferris v. NOPSI, 242 So.2d 335 (La.App. 4 Cir. 1970); writ denied, 257 La. 986, 244 So.2d 857 (1971) the following bus driver was in the right parking lane at a complete stop and proceeded without taking proper care. Here, Davis was traveling in a regular lane of travel and defendant Bowman was making a right turn from a left lane of traffic. Davis was not guilty of any of the negligent acts of the following vehicles in the cases cited by defendants.
A motorist in making a right turn has a statutory duty to ascertain that both the approach for the turn and the turn itself shall be made as close as practicable to the right hand curb or edge of the roadway. See LSA-R.S. 32:101. Moreover, a motorist shall not turn a vehicle at an intersection unless the vehicle is in the position above described or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. See LSA-R.S. 32:104. The law does impose upon a following motorist a duty to exercise great care; however an exception to this general rule is recognized where the driver of a lead vehicle negligently creates a hazard which the following driver cannot reasonably avoid. See Nesbit v. Travelers Insurance Co., 218 So.2d 396 (La.App. 2 Cir. 1969). Bowman was negligent in making a right turn from a lane of traffic which was to the left of the right turn lane.
Defendant testified that he surveyed the area before making the turn. However, this did not free him of negligence. In Jones v. Armstead, 169 So.2d 268 (La.App. 1 Cir. 1964) the court found a driver making a right turn negligent for looking in his mirror and not seeing the following car, stating: "To look and not [to] see [a] vehicle is equivalent of not looking at all and is negligence."
We also consider the phase diagram above the lane in which Bowman was traveling. The diagram directed him to proceed forward only. The diagram on the right directed a right turn to be made from the right lane only. Bowman's conduct in disregarding the phase diagram was in violation of the duty imposed upon him. See Roig v. Delesdernier, 268 So.2d 519 (La.App. 4 Cir. 1972); Bush v. Westside Transit Lines, Inc., 211 So.2d 447 (La.App. 4 Cir. 1968).
We do not think Johnson should be allowed to collect the amount of the estimate of repair costs. This is not a situation where an owner did not repair his car. Johnson returned the car to the seller after the collision because of the seller's failure to provide him with a certificate of title. He has failed to prove any actual damage to himself as a result of the collision.
Davis is entitled to recover an amount for lost wages. He testified that he missed work for three days and earned $24.00 a day. A claim for lost wages may be proven by plaintiff's own reasonable testimony, if accepted as truthful, although it is better to introduce corroborating testimony. See Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971). Davis also testified that he had already used his sick leave. It is logical to conclude that plaintiff was not paid for the three days he was absent from work. *228 There is sufficient proof in the record that Dr. Klinger treated Davis for injuries he sustained in the collision. Dr. Klinger billed Davis for $200.00 in medical expenses. Davis is also entitled to general damages for pain and suffering. The doctor's report stated that he suffered pain and tenderness in his lower back. Plaintiff complained of pain for a two month period. We award plaintiff $350.00 in general damages.
For the foregoing reasons that part judgment of the First City Court of New Orleans dismissing the suit of plaintiff, Alvin Johnson is affirmed; that part of the judgment of the First City Court of New Orleans dismissing the suit of plaintiff, Sherman Davis, is reversed; and it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Sherman Davis, and against the defendants, Charles Bowman and Marie Bowman, jointly and in solido in the full sum of six hundred twenty-two and no/100 ($622.00) dollars together with legal interest from date of judicial demand until paid and for all costs.
AFFIRMED IN PART, REVERSED IN PART.
REDMANN, Judge, dissenting in part.
The majority opinion correctly disposes of liability (although the presence of "phase diagrams" in the record may be questioned). But it errs in refusing recovery to plaintiff "owner" for the damage to the car. The "owner" had paid over $800 of the purchase price which the vendor refused to return because, at least in part, of the damaged condition of the car. (The sale fell through because the vendor could not provide the car's certificate of title.) Plaintiff owner has been damaged to the full amount of the $329.28 necessary to repair the car and should recover that amount.

ON REHEARING
The application of Marie Bowman for a rehearing is granted.
The judgment previously rendered herein is amended in part to read as follows:
* * * and it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Sherman Davis and against defendant Charles Bowman, in the full sum of six hundred twenty-two and no/100 ($622.00) dollars together with legal interest from date of judicial demand until paid and for all costs.