j .DUFRESNE, Chief Judge.
This is an appeal by Industrial Maintenance Products Company, Inc. (IMPCO) from a judgment in favor of Jacqueline Laurent Lister and Emily Sue Laurent Harris in this concursus proceeding. At issue are the proceeds of lease of batture property by Cargo Carriers Division of Cargill Marine and Terminal, Inc. We affirm that judgment.
The following facts are undisputed. Both IMPCO and Lister/Harris have titles which are traceable to a common ancestor as of 1911. In that year a tract of land measuring about one and one-half by 94 arpents was owned by members of the Laurent and Barre’ families. By an Act of Sale, Exchange and Partition, dated March 13, 1911, Placide Barre’ transferred his interest in the property to the Laurents, except for one portion described as follows:
One Hundred and Forty-Eight feet and three inches (148'-3") front of the said property commencing at the upper front line, adjoining the land of Barthelmy Haydel, by a depth of Six Hundred and Ninety-One feet and Three inches (691'-3") extending to a fence in the rear of a garden now on said place, thence One Hundred and Forty-Eight feet and Three inches (148'-3") to a line parallel with the line on the upper side of said property at a point Six Hundred and Ninety-One feet and Three inches (691'-3") from the front of said property, which boundary lines are equal and parallel.
However, the Judgment of Possession in Placide Barre’s succession in 1963 changed the above description to read as follows:
|3A certain lot of ground ... measuring 148 feet, and three lines front on the Mississippi River, same width in the rear by a depth counting from the Public Road of 691 feet 3 inches between parallel lines, and is bounded on the ■ upper side by property formerly belonging to Bartholomew Haydel and now to Hannon I. Barre, and on the lower and rear lines by the property formerly belonging to Emile Laurent and now to Lubin Laurent et als.
This description in effect added the bat-ture from the river to the public road, and then repeated the 148' 3" by 691' 3" dimensions of the lot as it appears in the 1911 description. IMPCO purchased the property according to the 1963 description from heirs of Placide Barre’ in 1990.
A surveyor’s plat prepared in 1978 in conjunction with the succession of Lubin Laurent by the Lister/Harris parties was placed in evidence, and this plat showed that the batture was a part of the Lister/Harris property rather than that of Placide Barre’. The plat further showed that the Placide Barre’ tract commenced at the public road and went back 691 feet, 3 inches. Testimony at trial was uniformly to the effect that the batture had never been used regularly, was never fenced off, and no structures had ever been placed upon it .by any of the litigants or their ancestors in title. Jerry Barre’, one of Placide’s heirs, testified that he had only intermittently gone on the batture to place shrimp boxes in the river in front of it.
In 1996 Cargo Carriers leased the bat-ture and apparently paid both claimants the yearly amount of the lease for the disputed portion of the batture. In 2000 Cargo Carriers apparently decided that this arrangement was not in its best interest so it deposited the rental payments for that year in the registry of the court and commenced this concursus proceeding. -
*128 On the above evidence the trial judge ruled that the Lister/Harris parties were entitled to the proceeds and so rendered judgment in their favor. IMPCO now appeals.
When a eoneursus proceeding involves ownership of property, Code Civ. Pro., Art 3654 provides that judgment is to be in favor of the party:
|4(1) Who would be entitled to the possession of the immovable property or a real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
Article 3426 of the Civil Code provides that “one who possesses a part of an immovable by virtue of a title is deemed to have constructive possession within the limits of his title.” The evidence in this case shows indisputably that the Lister/Harris parties and their ancestors corporeally possessed their tract prior to 1911, as well as thereafter, by living on it. Thus, while there is no evidence to show corporeal possession of the batture over the years, this portion was constructively possessed because lying within their title. Article 3433 further provides that “possession is lost when the possessor manifests his intention to abandon it or when he is evicted by another by force or usurpation.” The evidence is equally clear that this possession by Lister/Harris was never abandoned, nor were they ever evicted by force or usurpation by IMPCO or its ancestors in title.
IMPCO argues that pursuant to Article 3426 it should be deemed to have possession of the batture because it lies within its title description, and further that because it has so possessed the batture for ten years it should be deemed to have acquired ownership by the 10 years prescription of Article 3473. However, Article 3476 requires that for purposes of the ten year prescription the possessor must have “corporeal possession, or civil possession preceded by corporeal possession,” and that this possession must be “continuous, uninterrupted, peaceable, public and unequivocal.” There is no evidence that IMPCO or its ancestors ever exercised such possession over the batture so as to have commenced the running of the ten year prescription. We further note that were IMPCO’s argument to be accepted here, then any alteration enlarging a tract in a title description would, after ten [Byears, cause ownership of the enlargement to accrue to the altered title owner, at the expense of the adjoining owner whose title had been Encroached upon. Such a result would simply be untenable.
IMPCO also argues that the 1978 plat was improperly admitted into evidence. We disagree. The Louisiana Code of Evidence, Article 103, provides that error may not be predicated on a ruling which admits evidence unless a contemporaneous objection has been made to its admission. Here the plat was introduced without objection. What IMPCO’s attorney did object to was not the document itself, but rather to the witness explaining what the document meant and marking it. The plat is self-explanatory when viewed in conjunction with the property descriptions contained in the other documents and therefore did not require any further explication by the witness. Thus, even were the admission of the witness’s explanation improper, that explanation did not affect any substantial right of the complaining party.
*129 For the foregoing reasons the judgment of the district court is hereby affirmed.

AFFIRMED.