IpSOL GOTHARD, Judge.
Plaintiffs, Veronica and Alfredo Evans, appeal from the trial court’s judgment dismissing their suit against defendants, State Farm Mutual Auto Insurance Company and Andra Theriot. For the reasons that follow, we affirm the decision of the trial court.
The plaintiffs filed this suit for damages as a result of an alleged automobile accident. Plaintiffs contend that on February 9, 2001, they were traveling in a 1994 Nissan Pathfinder being driven by Alfredo Evans, when the left rear side was struck by a box which had fallen off a truck, causing Mr. Evans to swerve violently and to strike the curb. Mr. Evans stated that the box was the size of a refrigerator box. Mr. and Mrs. Evans both contend that they received cervical and lumbar injuries as a result. They were both treated by a physician recommended by their attorney. Plaintiffs did not produce any evidence of vehicle damage at the trial.
Defendant, Ms. Theriot, testified that she was traveling on Highway 90, at the intersection of Highway 90B, driving a pick-up truck. She had three sections of a sectional sofa, in boxes, in the back of the truck. Her husband was following behind her in another vehicle. She was unaware that one of the boxes had fallen off the *197 truck until her husband contacted her by cell phone and told her that the box had fallen off the truck and that he would pick it up. He also told her that the box did not hit anyone. Both the sectional and the box it was in were undamaged in the fall. Photographs of the box at trial supported the testimony that the box was undamaged, and also show that the box was smaller than a refrigerator box.
|sMr. Evans testified that after the box fell off the truck, he followed Ms. Theriot. He was unable to catch her, so he wrote down her license plate number. He then drove home and called the police. Ms. Theriot testified that the police came to her house to investigate. She told them that a box had fallen off her truck, but to her and her husband’s knowledge it did not hit anything. She was given a citation, which was later dismissed.
The trial court considered the testimony of both parties and found that plaintiffs failed to meet their burden of proof in proving that an accident actually occurred. In her reasons for judgment, the trial judge specifically stated that, “This Court finds it difficult to assign credibility to the Plaintiffs’ testimony.”
In this appeal, plaintiffs argue that the trial court committed manifest error in failing to render a judgment in favor of the plaintiffs.
It is well established law that a district court’s finding of fact may not be set aside in the absence of “manifest error” or unless it is “clearly wrong.” Leal v. Dubois, 2000-1285 (La.10/13/00), 769 So.2d 1182. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Stobart v. State, 617 So.2d 880, 882 (La.1993) set forth a two-part test for the reversal of a factfinder’s determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
The appellate court may not merely decide if it would have found the facts of the case differently. Ambrose v. New Orleans Police Dep’t. Ambulance Serv., 93-3099 (La.7/5/94), 639 So.2d 216, 221. “An appellate court should not substitute its opinion for the conclusions made by the district court, which is in a | ¿unique position to see and hear the witnesses as they testify.” Leal, supra at 1184-5. “Where there is conflict in the testimony, reasonable determinations of credibility and reasonable inferences of fact should not be disturbed on appeal.” Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). Furthermore, “where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Stobart, supra at 883.
The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
Pinnsoneault v. Merchs. & Farmers Bank & Trust Co., 01-2217, (La.4/3/02), 816 So.2d 270, 279.
This is not to say that a factual finding of the trial court cannot be overturned. The court in Ambrose v. New Orleans Police Dep’t. Ambulance Serv., supra at 221, recognized that, although deference is *198 to be accorded to the factfinder, the Court of Appeal and the Louisiana Supreme Court have a constitutional duty to review the facts. Because of this constitutional function, “it has every right to determine whether the trial court verdict was clearly wrong based on the evidence, or clearly without evidentiary support.” Id. at 221.
The trial court found that the only credible witness in this case was Ms. Ther-iot, and that plaintiffs failed to meet their burden of proving that an accident actually occurred. After reviewing the record in this matter, we cannot say that the trial court committed manifest error or was clearly wrong in this determination, or that its findings were without evidentiary support.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellants.

AFFIRMED.