MARC E. JOHNSON, Judge.
| gPlaintiffs/Appellants, Milbia Reyes[1] William Reyes and Donovan Cordova, appeal the trial court’s judgment dismissing their lawsuit regarding an automobile accident against Defendants/Appellees, Alfredo Clasing and USAgencies Casualty Insurance Company, filed in the 24th Judicial District Court, Division “L”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On January 29, 2010, Sergeant D. Imbornone[2] of the Jefferson Parish Sheriffs Office reported to the scene of a hit-and-run accident in the parking lot of Ideal *63 Supermarket located at 3805 Hessmer Avenue in Metairie, Louisiana. Ms. Reyes stated that as the Kia Sephia[3] she occupied drove into the parking lot, a white truck backed into her vehicle and then fled from the scene.[4] Sgt. Imbornone did not observe any paint transferred to Ms. Reyes’ vehicle. Ms. Reyes provided Sgt. Imbornone with the license plate number of the white truck that matched the | c.vehicle registered to Mr. Clasing. Sgt. Imbornone found the driver of the white truck in violation of La. R.S.14:100, hit- and-run driving.
On January 28, 2011, Plaintiffs filed a Petition for Damages against Mr. Clasing and his automobile insurance carrier, US-Agencies Casualty Insurance Company, for damages resulting from the accident. Defendants denied all of the petition’s allegations in their Answer filed on March 4, 2011.
A trial on the merits was held on October 16, 2012. After the presentation of the evidence and a brief recess, the trial judge ruled from the bench in favor of Defendants. The trial judge stated that he had serious questions concerning the credibility of Ms. Reyes due to inconsistencies in her testimony and the exhibits presented. In a judgment rendered on December 4, 2012, the trial court found that Plaintiffs failed to carry their burden of proof and rendered judgment in favor of Defendants. Plaintiffs’ lawsuit was dismissed with prejudice, and Plaintiffs were assessed the costs of the proceedings. The instant appeal followed that judgment.
ASSIGNMENTS OF ERROR
On appeal, Plaintiffs allege the trial court erred when it found that: 1) they failed to carry their burden of proof, even though they proved a 'prima facie ease by a preponderance of the evidence, and 2) it permitted inadmissible hearsay into evidence.
LAW AND ANALYSIS

Burden of Proof

Plaintiffs allege the trial court erred in finding that they failed to carry their burden of proof at trial. Plaintiffs argue the record for this matter shows they presented sufficient evidence to meet their burden of proof. They aver that the police report for the accident establishes the fact that Mr. Clasing backed out of a parking space and struck the vehicle they occupied, and their medical records | ¿support the assertion they were involved in an accident. Additionally, Plaintiffs aver the testimony of Ms. Sheryl Tardo, a casualty adjuster for USAgencies, confirmed Mr. Clasing was actually in an accident with Mr. Pat-zan’s vehicle. Plaintiffs further aver that Defendants failed to submit direct evidence to refute the version of events recounted by Plaintiffs.
Defendants contend the trial court was correct in its determination that Plaintiffs failed to meet their burden of proof by a preponderance of the evidence that they were actually in Mr. Patzan’s vehicle at the time of the accident. Defendants stress that Ms. Reyes’ live and deposition testimonies regarding the occurrence of the accident were inconsistent in many respects. Because of the inconsistencies, Defendants argue that the trial court properly ruled in their favor after determining that Ms. Reyes was not credible.
*64 The appropriate standard for appellate review of factual determinations is the manifest error standard, which precludes the setting aside of a trial court’s factual findings, unless they are clearly wrong. Lambert v. Ray Brandt Dodge, Inc., 09-739 (La.App. 5 Cir. 1/26/10); 31 So.3d 1108, 1111, writ denied, 10-430 (La.4/30/10); 34 So.2d 293, citing Lee v. Smith, 08-455 (La.App. 5 Cir. 12/16/08); 4 So.3d 100. In order to reverse a fact-finder’s determination on the basis of manifest error, a two-part test must be satisfied: 1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must also determine that the record establishes that the finding is clearly wrong. Id. at 1112, citing Morris v. Zurich American Ins. Co., 05-109 (La.App. 5 Cir. 5/31/05); 905 So.2d 1139.
The appellate court may not merely decide if it would have found the facts of the case differently and substitute its opinion for the conclusions made by the trial court, which is in a unique position to see and hear the witnesses as they ^testify. Evans v. State Farm Mut. Auto. Ins. Co., 03-1003 (La.App. 5 Cir. 12/30/03); 865 So.2d 195. “Where there is conflict in the testimony, reasonable determinations of credibility and reasonable inferences of fact should not be disturbed on appeal.” Id., citing Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. Id.
In this matter, the trial court found that Plaintiffs failed to carry their burden of proof. According to the transcript, the trial court made this determination based upon credibility concerns regarding Ms. Reyes’ testimony. After reviewing Ms. Reyes’ live and deposition testimonies, we note there are a few inconsistencies in Ms. Reyes’ recount of the accident. Thus, we cannot say the trial court was clearly wrong in its credibility determination. Because of the trial court’s concern with Ms. Reyes’ credibility, it would have been reasonable for the trial court to give little to no weight to the police report filed by Ms. Reyes. Based upon the evidence presented at trial, we cannot find the trial court was manifestly erroneous or clearly wrong in determining that Plaintiffs failed to meet their burden of proof.

Inadmissible Hearsay

Plaintiffs allege the trial court permitted the introduction of inadmissible hearsay at trial through the testimony of Ms. Tardo. Plaintiffs also allege the trial court improperly admitted a denial letter[5] into evidence that contained hearsay. Plaintiffs contend the evidence did not meet any of the hearsay exceptions, and the trial court relied upon said evidence to determine that they did not meet their burden of proof. As a result, Plaintiffs argue the trial court’s judgment was affected by the improperly admitted evidence, which was prejudicial and denied |flthem an opportunity to cross-examine or contest the statements.
Defendants maintain that the testimony and letter were properly admitted into evidence because that evidence simply explained to the court why the insurance claim filed by Plaintiffs had been denied by USAgencies. In addition, Defendants *65 maintain that Plaintiffs failed to preserve their right to raise the admission of the letter in this appeal because they only objected after Ms. Tardo’s testimony had been entered into evidence.
At trial, Ms. Tardo testified that a letter sent by Vickie Gibson denied Plaintiffs’ claim due to insufficient proof that they were in the vehicle at the time of the accident. Plaintiffs’ counsel did not object to that particular part of Ms. Tardo’s testimony. Ms. Tardo also confirmed the police report, as well as statements provided by Ms. Reyes and Mr. Patzan, established that Plaintiffs were occupants in the vehicle; however, she also testified that Mr. Clasing stated Plaintiffs were not in the car. Plaintiffs’ counsel objected to the statement; however, the trial' court allowed the statement as Ms. Tardo’s explanation for the denial of the claim. At the conclusion of the cross-examination of Ms. Tardo, defense counsel introduced Ms. Gibson’s letter into evidence.
“Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801. Hearsay is not admissible except as otherwise provided by the Code or other legislation. La. C.E. art. 802. According to La. C.E. art. 103, an error may not be predicated on a ruling which admits evidence unless a contemporaneous objection has been made to its admission. Cargo Carriers Div. of Cargill Marine & Terminal, Inc. v. Industrial Maintenance Products Co., Inc., 03-109 (La.App. 5 Cir. 5/28/03); 848 So.2d 126, 128.
In this matter, Ms. Tardo testified as to a statement that was made by Mr. IvClasing. That statement was hearsay and was improperly allowed into evidence. However, we consider the admission of the statement into evidence to be harmless error because there was other evidence properly admitted to support Defendants’ position. Furthermore, we find that USA-gencies’ denial letter was properly admitted into evidence as a hearsay exception pursuant to La. C.E. art. 803(6). The denial letter was a record of USAgencies’ regularly conducted business activity. Additionally, even if the letter was not a business record, Plaintiffs’ attorney failed to object to testimony of Ms. Tardo as to the information contained in the letter. The contents of the letter were already admitted into evidence by the time Plaintiffs’ counsel objected to the introduction of the letter.
After reviewing the record with the exclusion of Ms. Tardo’s hearsay statement, we still cannot find the trial court was manifestly erroneous in determining that Plaintiffs failed to meet their burden of proof.
DECREE
For the foregoing reasons, we affirm the trial court’s judgment. Each party is to bear their own costs for this appeal.

AFFIRMED.

. She is also known as Milbia Polanco.

. Sgt. Imbornone’s first name could not be ascertained from the record.

. The police report lists Ms. Reyes as the driver of the car. Ms. Reyes testified that Albert Patzan was the driver of the car at the time of the accident.

. The Kia Sephia was also occupied by Ms. Reyes’ children William Reyes and Donovan Cordova. The police report lists Donovan as "Donovan Reyes.”

. The letter contained an accusation by a former adjuster of USAgencies, Vickie Gibson, that Ms. Reyes falsified a police report.